476 A.2d 908

**COMMONWEALTH of Pennsylvania**

v.

**Jerry KARL, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1984.

Filed June 15, 1984.

98

Thompson J. McCullough, York, for appellant.

Floyd P. Jones, Assistant District Attorney, York for Commonwealth, appellee.

Before WICKERSHAM, DEL SOLE and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from the judgment of sentence entered against the appellant for resisting arrest[1] and for three summary offenses.[2] Appellant was adjudged guilty of resisting arrest by a jury, and guilty of the summary offenses

1. 18 Pa.C.S.A. § 5104.

2. Criminal mischief, 18 Pa.C.S.A. § 3304; Driving an unregistered motor vehicle, 75 Pa.C.S.A. § 1301; Accident involving damage to attended vehicle or property, 75 Pa.C.S.A. § 3743.

by the trial judge. Thereafter appellant filed a motion in arrest of judgment. This motion was argued and denied. Appellant was sentenced to pay a fine of five hundred dollars ($500.00) and the costs of prosecution on the resisting arrest charge. On the three summary offenses, he was sentenced to pay a total of seventy five dollars ($75.00) in fines and pay the costs of prosecution. This appeal is from the final judgment of sentence.

Appellant contends that the trial court erred in sending the issue of whether he was guilty of resisting arrest under 18 Pa.C.S.A. § 5104 to the jury (i.e. that the court below erred in refusing to grant his demurrer). The statute on resisting arrest, 18 Pa.C.S.A. § 5104 states:

### § 5104. Resisting arrest or other law enforcement

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

The appellant argues in support of his contention that: (1) given the finding by the court below that the arrest underlying the resisting arrest charge was illegal, he could not as a matter of law be convicted under the provision of § 5104 pertaining to lawful arrest; (2) he was charged only with resisting the police officers after he had been placed under arrest, and not with preventing the police officers from discharging any other duty and therefore could not as a matter of law be convicted under the provisions of § 5104 pertaining to discharge of public duty; (3) in any event, the evidence shows only that he resisted the police officers after they unlawfully placed him under arrest and that there is no evidence that he prevented the police officers from discharging any other duty within the meaning of 18 Pa.C.S.A. § 5104.

The Commonwealth concedes that the court below found that the arrest of the appellant underlying the resisting arrest charge was illegal since the offense was not committed in the view of the officers. However, the Commonwealth submits that: (1) the bill of information charging the appellant recited the alternative language of the statute; (2) the evidence supports a finding that appellant interfered with the police officers' investigation of the underlying incident and therefore it was appropriate for the court below to send the case to the jury.

The trial court accepted the Commonwealth's theory that the appellant could be found in violation of Section 5104 by resisting the police officers while they were investigating the underlying incident. Furthermore, the court below found that the information charging the appellant did not refer only to the "arrest" of the appellant, but it recited the exact language of § 5104. On the above stated grounds the trial court sent the case to the jury. We reject this determination and vacate the judgment of sentence for the reasons which follow.

The test to be applied in ruling on whether the trial court erred in sending the issue to the jury is whether the Commonwealth's evidence and all reasonable inferences therefrom are sufficient to support a verdict of guilty beyond a reasonable doubt. *Commonwealth v. Duncan,* 473 Pa. 62, 373 A.2d 1051 (1977); *Commonwealth v. Long,* 467 Pa. 98, 354 A.2d 569 (1976); *Commonwealth v. Bastone,* 321 Pa.Super. 232, 467 A.2d 1339 (1983); *Commonwealth v. Middleton,* 320 Pa.Super. 533, 546–547, 467 A.2d 841, 847 (1983).

Viewed in that light, the following was adduced at trial: In the late evening hours of September 22, 1981, the appellant was sitting in a vehicle parked at the curb on Market Street in the city of York. He was arguing with Elaine Marden, who was sitting on the steps in front of a house adjacent to the vehicle. Suddenly appellant pulled away

from the curb and struck another vehicle being driven by Michael E. Grove. After the accident the appellant left the scene.

Soon afterwards the York Police arrived on the scene and commenced an investigation into the accident. While the officers were questioning Elaine Marden, Michael E. Grove, the owner of the struck vehicle, spotted the appellant about one quarter (¼) of a block or about eighty (80) feet away, walking toward the scene. Grove indicated to the officers that the man he saw was the man who was driving the vehicle which had struck his vehicle earlier. Elaine Marden identified the man as Jerry E. Karl, the appellant.

The officers asked Elaine Marden to call to the appellant, which she did. The appellant did not respond to her call and turned to return to his vehicle. Upon seeing the appellant turn to leave, the officers gave chase and caught up with the appellant as he was about to enter the vehicle. The officers requested identification and the appellant identified himself as Jerry E. Karl. Having learned his identity, the officers placed the appellant under arrest for "hit and run".

The officers instructed the appellant to return to the police cruiser with them and further instructed him not to communicate with Elaine Marden. The appellant accompanied the officers to the police cruiser parked at the scene, without physical resistance, but ignored their instruction not to attempt to communicate with Ms. Marden. The appellant's attempts to communicate with Ms. Marden were loud and offensive.

When the officers and the appellant arrived at the police cruiser, the officers placed him in the back seat, but the appellant refused to put his feet in the cruiser thereby making it impossible for the officers to shut the door of the cruiser. Furthermore, the appellant continued his attempts to communicate with Ms. Marden. One of the officers

attempted, without success, to physically place the appellant's feet into the police cruiser. The officer then tried to shove the appellant completely into the cruiser by pushing the butt end of a metal flashlight into the appellant's chest. This attempt also failed.

Finally, with the assistance of another officer, the appellant was physically removed from the back seat and brought to the rear side of the cruiser. The officers attempted to handcuff the appellant, but he refused to submit. A struggle ensued, during which the officers used physical force and mace before they were able to get the handcuffs on the appellant. As the officers were leading the appellant back to the curb side of the police cruiser, the appellant buckled his knee and threw his weight violently down towards his right shoulder sending the two officers onto the pavement. Ultimately, with the assistance of a third officer, he was subdued and placed in the back seat of a police cruiser. As a result of the struggle, the officers involved sustained minor personal injuries.

The provisions of 18 Pa.C.S.A. § 5104 are clearly disjunctive. To be convicted under the first provision of § 5104, it is essential that there be a lawful arrest. *See Commonwealth v. Eberhardt*, 304 Pa.Super. 222, 450 A.2d 651 (1982); *Commonwealth v. Whitner*, 241 Pa.Super. 316, 361 A.2d 414 (1976); *Commonwealth v. Bartman*, 240 Pa.Super. 495, 367 A.2d 1121 (1976); *Commonwealth v. Stortecky*, 238 Pa.Super. 117, 352 A.2d 491 (1975). In this case there is no evidence to show that the arrest underlying the resisting arrest charge was lawful. In fact both parties and the trial court agree that the York police officers did not have the authority to make a lawful arrest for "hit and run"—that is, leaving the scene of an accident after hitting an attended vehicle—because the incident did not occur in the presence of the officers. Under such circumstances, the appellant could not, as a matter of law, be convicted under the provisions of § 5104 pertaining to lawful arrest.

In light of the foregoing, the latter provision of § 5104, pertaining to "discharging any other public duty" besides effecting a lawful arrest, must be relied upon. To be convicted under the latter provision of § 5104, it is essential that there be a "discharge of any other duty" within the meaning of the statute. If we accept the argument of the Commonwealth, as did the trial court, the statute would be interpreted to allow every resisting arrest charge to stand whether or not supported by a lawful arrest. The police would undoubtedly argue in every case where there was an unlawful arrest that they were merely discharging a duty by investigating the circumstances surrounding the under-lying incident. The grave abuse invited by such an inter-pretation of the "discharge of any other duty" provision of § 5104 was clearly not contemplated. An indication of what was contemplated is found by turning to Section 242.2 of the Model Penal Code, which § 5104 was modeled after. The Model Penal Code § 242.2 comment 5 (Official Draft and Revised Comments 1980), which deals with the physical obstruction of discharge of public duty, states:

> Section 242.2 covers physical interference in a host of circumstances in which public servants *discharge legal duties other than arrest.* These include, for example, a policeman executing a search warrant, a fireman putting out a blaze, a forest or agricultural official making re-quired inspections, an election official charged with moni-toring balloting, and the like. (Emphasis added).

Therefore we hold that the court below should not have sent the issue of resisting arrest to the jury because the evidence was not sufficient to support a verdict of guilty beyond a reasonable doubt.

Judgment of sentence is vacated as to resisting arrest.