J-S72003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM JOHN SAYERS, JR., | |
| Appellant | No. 1789 EDA 2017 |

Appeal from the Judgment of Sentence Entered February 15, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005425-2016

BEFORE:  BENDER, P.J.E., MUSMANNO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED FEBRUARY 22, 2018**

Appellant, William John Sayers, Jr., appeals from the judgment of sentence of time-served to 23 months' incarceration, imposed after a jury convicted him of resisting arrest.[1]  Appellant seeks to raise several issues on appeal, including challenges to the sufficiency of the evidence to sustain his conviction, and the discretionary aspects of his sentence.  Additionally, his counsel, Richard J. Blasetti, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant was also convicted of public drunkenness, but the trial court subsequently granted his post-trial motion for judgment of acquittal on that charge.  Additionally, he was charged with aggravated assault, but the jury found him not guilty.

review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Briefly, Appellant was charged with resisting arrest, public intoxication, and aggravated assault based on a scuffle he had with two police officers who were serving him with a Protection From Abuse (PFA)[2] order that evicted Appellant from his residence. Appellant proceeded to a jury trial on these charges in February of 2017. At the close thereof, he was found not guilty of aggravated assault, but he was convicted of resisting arrest and public intoxication. However, the trial court granted Appellant's post-trial motion for judgment of acquittal on his public intoxication conviction. For his resisting arrest conviction, Appellant received a term of incarceration of time-served to 23 months.

Appellant filed a timely notice of appeal, and the trial court directed him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Attorney Blasetti filed a Pa.R.A.P. 1925(c)(4) statement of his intent to file a petition to withdraw. On September 4, 2017, Attorney Blasetti filed that petition with this Court, as well as an **Anders** brief, discussing his conclusion that Appellant's sufficiency-of-the-evidence challenge is frivolous, and asserting that he can discern no other, non-frivolous issues to present herein. On September 13, 2017, Appellant

---

[2] **See** Protection From Abuse Act, 23 Pa.C.S. §§ 6101-6122.

filed a *pro se* response raising additional claims, including a challenge to the discretionary aspects of his sentence, and an argument that the jury was prejudiced by allegations that he was intoxicated when the at-issue scuffle with police officers occurred.

It is well-established that,

[t]his Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of

*Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Blasetti's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's sufficiency claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Blasetti states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief, and he attaches a letter directed to Appellant in which he informs Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other non-frivolous issues he could pursue on appeal.

First, Appellant seeks to challenge the sufficiency of the evidence to sustain his conviction of resisting arrest.

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d

- 4 -

133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

The offense of resisting arrest is defined as follows:

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S. § 5104. Also, pertinent to Appellant's argument herein, we note that "[t]he provisions of 18 Pa.C.S.[] § 5104 are clearly disjunctive." *Commonwealth v. Karl*, 476 A.2d 908, 911 (Pa. Super. 1984). "To be convicted under the first provision of § 5104," we have held that "it is essential that there be a lawful arrest." *Id.* However, section 5104 also permits an individual to be convicted of resisting arrest where they prevent a public servant from "discharging any other duty." *Id.* Pertaining to that provision of section 5104, we have held that it

covers physical interference in a host of circumstances in which public servants discharge legal duties other than arrest. These include, for example, a policeman executing a search warrant, a fireman putting out a blaze, a forest or agricultural official making required inspections, an election official charged with monitoring balloting, and the like.

*Id.* (quoting MPC § 242.2 cmt. 5) (emphasis omitted).

- 5 -

In this case, the evidence was clearly sufficient to sustain Appellant's conviction of resisting arrest. Specifically, Media Borough Police Officer Eric J. Gavin testified that at approximately 5:25 p.m. on August 8, 2016, he arrived at Appellant's residence, in full uniform, to serve a PFA order on Appellant, which evicted Appellant from his residence. N.T. Trial, 2/15/17, at 36. Appellant stipulated at trial that in serving this order, Officer Gavin was lawfully engaged in fulfilling his duties as a police officer. *Id.* at 24. In other words, Appellant agreed that the 'discharging any other duty' provision of section 5104 applied, and was satisfied, in this case.[3] Appellant also conceded that the PFA order was lawful, and prohibited him from entering his residence on August 8, 2016. *Id.*

When Officer Gavin approached Appellant's home, Appellant was sitting on the porch outside the residence. *Id.* at 38. Officer Gavin explained to Appellant that he was there to serve him with an order that evicted Appellant from the residence, and the officer handed Appellant a copy of that court order. *Id.* at 39. At that point, Appellant began yelling at Officer Gavin, stating, "I'm not fucking evicted," and "you can't fucking evict me." *Id.* at 39-40. Officer Gavin noted that Appellant "had slurred speech,

---

[3] Consequently, we find frivolous Appellant's argument (presented in his *pro se* response to counsel's petition to withdraw) that his resisting arrest conviction cannot stand because the police were not lawfully arresting him for aggravated assault or public drunkenness. *See* Appellant's *Pro Se* Response, 9/13/17, at 2 (unnumbered).

bloodshot watery eyes, [and] a heavy odor of alcohol on his breath." ***Id.*** at 42.

After about two or three minutes of Appellant's becoming "steadily more angry," Appellant "stood up out of the chair [he had been sitting in and] took a physically offensive posture, balling his fists up." ***Id.*** at 42-43. Officer Gavin backed up towards a doorway that led into the house, which consisted of a closed "screen door and then a solid door[,]" so as to block Appellant from entering the house. ***Id.*** at 43-44. Appellant continued to shout at the officer, and he was also waving his finger and fist at Officer Gavin. ***Id.*** at 47. Appellant then reached past Officer Gavin and "open[ed] the door[,] ... slam[ming] the door into [Officer Gavin's] leg." ***Id.*** Specifically, the "aluminum type screen door" struck Officer Gavin's leg on "the front of [his] knee," causing "sharp pain in [his] knee[,]" as well as a small abrasion and swelling. ***Id.*** at 48.

This testimony by Officer Gavin was sufficient to prove that Appellant created a substantial risk of bodily injury – and did actually cause such injury – to Officer Gavin, with the intent of preventing the officer from discharging his lawful duty of evicting Appellant from the residence. Therefore, we agree with Attorney Blasetti that Appellant's sufficiency challenge is frivolous.

We next address the claims Appellant presented in his *pro se* response to counsel's petition to withdraw. Appellant first contends that his "sentence is illegal" because the trial court did not state sufficient reasons for imposing

an "aggravated sentence[,]" and because the court utilized an improper prior record score in determining the sentencing guideline ranges. Appellant's *Pro Se* Response, 9/13/17, at 1 (unnumbered). Both of these claims implicate the discretionary aspects of Appellant's sentence, not its legality. **See Commonwealth v. Spenny**, 128 A.3d 234, 241 (Pa. Super. 2015) (considering a challenge to the trial court's calculation of a prior record score as implicating the discretionary aspects of a sentence); **Commonwealth v. Anderson**, 830 A.2d 1013, 1016 (Pa. Super. 2003) (deeming a claim that the court failed to provide sufficient reasons on the record to justify an aggravated range sentence as a challenge to the discretionary aspects of that sentence). Our review of the record reveals that Appellant did not raise these sentencing claims during the sentencing hearing, or in a post-sentence motion. Accordingly, they are waived, and it would be frivolous for Attorney Blasetti to assert them herein. **Anderson**, 830 A.2d at 1016 (noting "that objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing") (citations omitted).

Appellant next asserts that "the [j]ury was prejudiced several times by allegations of [Appellant's] intoxication." Appellant's *Pro Se* Response at 1 (unnumbered). Appellant does not point to where in the record he lodged any objection to the testimony about his alleged intoxication, thus also waiving this claim for our review. **See Commonwealth v. Molina**, 33 A.3d 51, 55 (Pa. Super. 2011) ("[I]t is well-settled that a defendant's failure to

object to allegedly improper testimony at the appropriate stage in the questioning of the witness constitutes waiver.") (citation and internal quotation marks omitted). In any event, testimony concerning Appellant's intoxication was clearly relevant to the charge of public intoxication, although the trial court ultimately granted his motion for judgment of acquittal for that offense. Thus, Appellant's contention that he was prejudiced by the jury's considering evidence pertaining to his intoxication is frivolous for this reason, as well.

Finally, Appellant argues that his testimony "was wrongly objected to by the [Commonwealth]." Appellant's *Pro Se* Response at 2 (unnumbered). The only objection to Appellant's testimony lodged by the Commonwealth was made during the following portion of his direct-examination:

> [Appellant]: No way did I ever -- and the DA stated in her opening statement that I made a stance like this. No way. It's like signing your -- a suicide note. I'm telling you. You're giving them cart blanche to do whatever [they] want to you. I've been in these situations. I've been arrested before. I'm not an angel, you know, I'll grant that. You know, I've never had a violent crime. I've never --
>
> [Commonwealth]: Objection, Your Honor.

N.T. Trial at 76. The Commonwealth then requested a sidebar, at which the parties and the court discussed whether Appellant's testimony had opened the door to cross-examination regarding his prior convictions for offenses such as "stalking, fleeing and eluding," and "multiple harassment offenses…." *Id.* Ultimately, the Commonwealth agreed not to cross-examine Appellant regarding his prior convictions, as long as Appellant also

- 9 -

did not offer any other testimony in this vein.  *Id.* at 79.  Defense counsel agreed and, thus, the trial court never ruled on the Commonwealth's objection.  Instead, defense counsel resumed his direct-examination of Appellant, prefacing his questioning by stating to Appellant that there "obviously, [was] no reason to get into any prior incidents [that Appellant] might have [had] with the law…."  *Id.* at 81.  The direct-examination then proceeded to other topics, and there was no further mention of Appellant's prior convictions.

In light of this record, it would be frivolous for Appellant to argue that any error was committed by the trial court, or that he was prejudiced by the Commonwealth's objection.  Appellant's *Pro Se* Response at 2 (unnumbered).  Clearly, further testimony regarding Appellant's prior convictions would not have helped his defense.  The Commonwealth timely objected when Appellant, himself, opened the door to such evidence.  The parties discussed the issue at sidebar, and they ultimately agreed to preclude any further mention of Appellant's prior crimes, thus benefitting Appellant.  Accordingly, Appellant's challenge to this objection by the Commonwealth is frivolous.

In sum, we agree with Attorney Blasetti that Appellant's challenge to the sufficiency of the evidence is frivolous, as are the several issues Appellant presents in his *pro se* response to counsel's petition to withdraw. Our independent review of the record reveals no other, non-frivolous issues that Attorney Blasetti could assert on Appellant's behalf.  Therefore, we

affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judge Musmanno joins this memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/18