J-S57008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL FLUCK | : | |
| | : | |
| Appellant | : | No. 2161 EDA 2017 |

Appeal from the Judgment of Sentence April 26, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011818-2016

BEFORE:   PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 04, 2018**

Michael Fluck appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his convictions for fleeing and resisting arrest. Appellant contends the Commonwealth presented insufficient evidence to support his resisting arrest conviction. We affirm.

On the evening of October 11, 2016, Officer Emanuel Moll of the Philadelphia Police Department observed Appellant disregard a red light at the intersection of Broad and Susquehanna streets in Philadelphia. Officer Moll and his partner, Officer Digeno, followed Appellant for several blocks and witnessed him drive through three more red lights. At this point, Officer Moll

_____

* Retired Senior Judge assigned to the Superior Court.

activated his overhead lights and directed Appellant to pull over to the side of the road. Appellant complied.

However, before Officer Moll could complete the traffic stop, Appellant got out of his car and began walking towards the officers. Despite Officer Moll's instructions to return to his vehicle, Appellant continued approaching the police car. Fearing for his safety, Officer Moll decided to handcuff Appellant. Appellant did not comply with instructions to place his hands behind his back and began to struggle. Officer Digeno pulled out a taser and warned Appellant if he continued to struggle, he would use it. Appellant disregarded this warning, continued to struggle, and Officer Digeno employed the taser. Officer Moll managed to get his handcuffs on one of Appellant's wrists, but Appellant got away, ran back to his car, and drove away. Appellant was detained shortly thereafter by a highway police officer after crashing his car at the intersection of Broad and Dauphin streets.

Appellant proceeded to a bench trial and was convicted of fleeing or attempting to elude officer and resisting arrest.[1] The court sentenced Appellant to time served to 12 months' incarceration, followed by one year of probation. This timely appeal follows.

Appellant's sole challenge on appeal is to the sufficiency of the evidence underlying his resisting arrest conviction. "Our standard of review in a sufficiency of the evidence challenge is to determine if the Commonwealth

_____

[1] 75 Pa.C.S.A. § 3733(a) and 18 Pa.C.S.A. § 5104, respectively.

established beyond a reasonable doubt each of the elements of the offense, considering all the evidence admitted at trial, and drawing all reasonable inferences therefrom in favor of the Commonwealth as the verdict-winner." *Commonwealth v. Pruitt*, 951 A.2d 307, 313 (Pa. 2008) (citations omitted).

Our Crimes Code defines the offense in question, resisting arrest, as follows:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104.

Appellant asserts the Commonwealth failed to prove he intended to prevent Officer Moll "from effectuating a lawful arrest or discharging any other duty."[2] Specifically, he first claims that because Officer Moll was only attempting to detain Appellant when he decided to place him in handcuffs, his resistance afterwards cannot be categorized as resisting arrest. **See**

---

[2] Appellant also asserts that "his conduct, which amounted to mere non-submission, does not fall within the ambit of the resisting arrest statute." Appellant's Brief, at 15. However, Appellant did not include this challenge to the specific element of the resisting arrest statute in his court-ordered Rule 1925(b) statement. Therefore, he has waived this challenge for the purposes of appellate review. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (mandating "[a]ny issues not raised in a 1925(b) statement will be deemed waived"). **See also Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008) (observing defendant must specify element or elements upon which the evidence was insufficient in order to preserve issue for appellate review).

Appellant's Brief, at 10-13. And then he asserts the Commonwealth failed to provide evidence that Officer Moll was "discharging any other duty." *See id*., at 13-15. We disagree with each contention.

Despite Appellant's claims to the contrary, the resisting arrest statute does not *require* that an officer intended to make an arrest for the provisions to apply; it requires only that a party act with "the intent of preventing … a lawful arrest." Therefore, our courts have found sufficient evidence to support a resisting arrest conviction in a variety of pre-arrest situations, as long as an arrest would have been lawful under the circumstances. *See*, *e.g.*, *Commonwealth v. Miller*, 475 A.2d 145, 147 (Pa. Super. 1984) (finding sufficient evidence to support a resisting arrest conviction where officers only intended to issue a citation to defendant, but defendant resisted a lawful stop); *Commonwealth v. Stevenson*, 894 A.2d 759, 775 (Pa. Super. 2006) (finding evidence sufficient to support a resisting arrest conviction where officer had reasonable suspicion to make an investigatory stop and defendant's actions during stop provided probable cause for an arrest).

Here, Appellant himself "concedes that his initial detention was lawful, and that the police had 'probable cause' to effectuate an arrest for a violation of the Philadelphia Code if they chose to do so." Appellant's Brief, at 11. A showing "that the arresting officer possess[ed] probable cause" establishes a lawful arrest under the statute. *Commonwealth v. Hock*, 728 A.2d 943, 946 (Pa. 1999) (citation omitted). Thus, Appellant's subsequent actions of

struggling, disobeying orders, and fleeing in his car can be properly categorized as actions made with the "the intent of preventing … a lawful arrest."

Also, we find there was sufficient evidence that Appellant prevented Officer Moll from "discharging any other duty." As this Court has explained, "[t]he provisions of 18 Pa.C.S.A. § 5104 are clearly disjunctive." *Commonwealth v. Karl*, 476 A.2d 908, 911 (Pa. Super. 1984). "To be convicted under the first provision of § 5104," we have held, "it is essential that there be a lawful arrest." *Id*. (citation omitted). However, § 5104 also provides that an individual may be convicted of resisting arrest where the individual prevents a public servant from "discharging any other duty." *Id*. This provision

> covers physical interference in a host of circumstances in which public servants discharge legal duties other than arrest. These include, for example, a policeman executing a search warrant, a fireman putting out a blaze, a forest or agricultural official making required inspections, an election official charged with monitoring balloting, and the like.

*Id*. (citation and emphasis omitted).

Our review of the record reveals that Officer Moll witnessed Appellant commit several violations of the Vehicle Code. Therefore, when the officer pulled Appellant over, he was clearly "discharging [his] duty" of issuing a citation to Appellant for these traffic violations. Appellant's subsequent decision to get out of his vehicle, approach the officers, struggle with the

officers, and flee in his vehicle, prevented Officer Moll from "discharging [his] duty" of enforcing the Vehicle Code.

We find the Commonwealth presented sufficient evidence sufficient to support Appellant's conviction for resisting arrest under § 5104.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/18