J-S64032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.T., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: S.T., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 986 EDA 2018 |

Appeal from the Dispositional Order, February 21, 2018,
in the Court of Common Pleas of Philadelphia County,
Family Court at No(s):  CP-51-DP-0000329-2018,
FID: 51-FN-000308-2018.

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:           **FILED FEBRUARY 14, 2019**

S.T. (Mother) appeals from the juvenile court's finding that she committed child abuse against her 12-year-old daughter, N.T. (Child).  Mother does not appeal the actual dependency adjudication, conceding that the Child is without parental care and control.  Instead, she contends there was insufficient evidence to support the court's finding that she committed child abuse, as defined by the Child Protective Services Law (CPSL), for failing to prevent her former paramour from molesting the Child.  ***See*** 23 Pa.C.S.A. § 6301(b.1).  The Philadelphia Department of Human Services (DHS) agrees with Mother and submitted to this panel an Application to Vacate Finding of Child Abuse and Remand.  The Child, agreeing with DHS, joined the Application.  However, Mother opposes the DHS Application, because she

believes a remand is inappropriate. We vacate the child abuse finding, but we do not remand.

The pertinent facts are these:

The Child (and a non-subject sibling) came to the attention of DHS in November 2017 following allegations that the family's housing was uninhabitable. Mother agreed to move with her children into the home of the Child's Godmother until Mother could find suitable housing. A month later, DHS learned that Mother moved out of the temporary home, leaving the children with the Godmother. The Godmother reported that she was willing to care for the children. Around the same time, but after Mother moved out, DHS received a report, wherein the Child disclosed that Mother's former paramour touched and/or rubbed her back, legs, and buttocks. The allegation specified that the touching occurred a year earlier in the bed where the Child, Mother, and the former paramour all slept.

DHS filed a dependency petition on February 14, 2018. The "type of dependency," i.e., the basis for the petition as indicated by the checked box, was that the Child was without proper care or control. DHS did not select the box indicating that child abuse was the pursued basis for dependency. The petition did include, however, a reference to the Child's disclosure.

Mother states that, moments before the start of the ensuing adjudication hearing, counsel for DHS handed to Mother a copy of the forensic report. Although the report was dated two months prior, Mother avers that this was the first time she learned such a report existed. The report contained

the aforementioned disclosure, and the additional detail that the former paramour had also attempted to touch the Child's genitalia, but the Child avoided the contact. The adjudication hearing began with a sidebar conference involving previous discussions about possible stipulations to dependency. The court inquired as the parties' inability to reach an agreement.

Mother's counsel explained that she was just handed the forensic report, and that if DHS intended to proceed on the child abuse allegation, she would request that portion of the case be continued to a separate hearing as she would need time to investigate. Counsel for DHS indicated that they were prepared to proceed on the child abuse allegation. Mother objected, arguing that she did not receive proper notice. She also objected on hearsay grounds, because the witness for DHS, who was not the original investigator, testified that she had to rely on the notes of the original investigator. The Child did not testify.

The court overruled the objections, accepting both the testimony and the forensic report. Mother argued that she was not aware of the abuse, that there was no co-sleeping arrangement, and that the former paramour left the home when Mother left for work. However, Mother represented that she wants to support her daughter and be fully cooperative. Still, her position was that the evidence of the former paramour's conduct was insufficient to show Mother's inaction constituted child abuse as defined by Section 6303(b.1) of the CPSL.

The juvenile court disagreed, finding "Mother's behavior [to be] reckless and [that she] lacked insight and judgment in terms of the safety for [the Child] in allowing the sleeping arrangements as [the Child] described. The [juvenile court] believed Mother's lack of judgment placed [the Child's] safety and well-being in harm's way and made a finding of abuse." **See** Trial Court Opinion, 7/12/18, at *5 (not paginated) (citations to the transcript omitted).

Mother filed this timely appeal. She presents seven questions involved, all concerning the child abuse finding:

1. Did the trial court commit an error of law and abuse of discretion by proceeding on a child abuse hearing where the Philadelphia Department of Human Services failed to provide adequate notice to Appellant that it intended to seek a finding of child abuse against her until after the adjudicatory hearing had already commenced?

2. Did the trial court commit an error of law and abuse of discretion when it based its finding of child abuse under the Child Protective Services Law on hearsay statements, in violation of 23 Pa.C.S.A. § 6381(b), 42 Pa.C.S.A. § 5986; the Juvenile Act; the Pennsylvania Rules of Evidence; and Appellant's right to due process?

3. Did the trial court commit an error of law and abuse of direction when it based its finding of child abuse under the Child Protective Services Law on child hearsay statements in violation of 42 Pa.C.S.A. § 5986 where the court failed to find, in an in -camera hearing, that the time, content, and circumstances of the statement provided sufficient indicia of reliability?

4. Did the trial court commit an error of law and abuse of direction when it based its finding of child abuse under the Child Protective Services Law on child hearsay statements in violation of 42 Pa.C.S.A. § 5986 where the court failed to determine whether the child was unavailable because requiring the child to testify would have resulted in the child suffering serious emotional

- 4 -

distress, as the Philadelphia Department of Human Services failed to provide the court with any competent evidence on which the court could have based such a finding, and where the perpetrator of the alleged abuse was not present in the courtroom?

5. Did the trial court commit an error of law and abuse of discretion by finding child abuse where the Philadelphia Department of Human Services failed to prove by clear and convincing evidence that Appellant acted intentionally, knowingly, or recklessly, or that Appellant caused any harm or created a risk of harm to the Child, as required by 23 Pa.C.S.A. § 6303(b.1)?

6. Did the trial court commit an error of law and abuse of discretion by finding child abuse where the Philadelphia Department of Human Services failed to prove by clear and convincing evidence that the child was abused, as defined by 23 Pa.C.S.A. § 6303(b.1)?

7. Did the trial court commit an error of law and abuse of discretion where the Philadelphia Department of Human Services failed to prove by clear and convincing evidence that the child suffered sexual abuse or exploitation, or a likelihood of sexual abuse or exploitation, as defined by 23 Pa.C.S.A. § 6303(b.1)?

*See* Mother's Brief at 7.

Generally speaking, Mother's contentions fall into three types of error: due process (relating to the lack of notice); rules of evidence (relating to hearsay); and sufficiency of the evidence. Because it disposes of the appeal, we begin by reviewing Mother's fifth issue, which challenges the sufficiency of the evidence of the child abuse finding. We immediately observe that both DHS and the Child concur that this abuse finding was not supported by the

evidence. They also ask us to vacate the juvenile court's finding. After conducting an independent analysis, we agree.[1]

This Court reviews a trial court's finding of child abuse for an abuse of discretion. **See In re L.Z.**, 111 A.3d 1164, 1174 (Pa. 2015). Accordingly, this Court must accept the trial court's findings of fact and credibility determinations but is not required to defer to the trial court's conclusions of law. **See id.** (citation omitted).

Instantly, the Philadelphia Department of Human Services ("DHS") was required to prove Mother abused Child by clear and convincing evidence. 42 Pa.C.S.A. § 6341(c.1). Clear and convincing evidence requires that the evidence be

> so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in this issue. It is not necessary that the evidence be uncontradicted provided it carries a clear conviction to the mind or carries a clear conviction of its truth.

**In Interest of J.M.,** 166 A.3d 408, 423 (Pa. Super. 2017).

---

[1] Even if the parties agree that a trial court erred, this Court must still conduct an independent analysis to determine if the parties are correct. **See, e.g., Commonwealth v. Williams**, 2018 WL 5668251, *4 (Pa. Super. Nov. 1, 2018) (parties agreed at oral argument that sentence was illegal and this Court conducted an independent analysis of the legality of the sentence); **Commonwealth v. Karl**, 476 A.2d 908, 911 (Pa. Super. 1984) (parties agreed that the evidence was insufficient to convict the defendant and this Court conducted an independent analysis of the sufficiency of the evidence); **cf. Bancorp Mortgage Co v. Bonner Mall P'ship**, 513 U.S. 18, 26 (1994) (Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants.)

The juvenile court found "Mother's behavior [to be] reckless and [that she] lacked insight and judgment in terms of the safety for [the Child] in allowing the sleeping arrangements as [Child] described. *See* Trial Court Opinion, 7/12/18, at *5 (not paginated) (citations to the transcript omitted). The court "believed Mother's lack of judgment placed [Child's] safety and well-being in harm's way…." *Id.* Beyond these conclusions, the court never detailed its basis for finding Mother abused Child. Presumably, the juvenile court determined that Mother "intentionally, knowingly, or recklessly…created a likelihood of sexual abuse or exploitation of a child through …[her] failure to act." *See* 23 Pa.C.S.A. § 6303(b.1)(6).

When viewing the evidence in a light most favorable to DHS, the evidence showed that Mother slept in the same bed with Child and paramour. The practice of a parent or guardian sleeping with a child is often referred to as co-sleeping. While in bed, Mother's paramour would touch Child's buttocks and rub her legs. *See* N.T., 2/21/18, at 22. He attempted to touch her vagina, but Child avoided such contact. *Id.* Mother's paramour also followed Child when she left the bedroom. *Id.* Mother was unaware of this abuse and did not learn of her paramour's action until approximately one year later. Based on this evidence, the trial court found that Mother's recklessly created a likelihood of abuse when she allowed Child to co-sleep while the paramour was in bed and failed to prevent his illicit touching. Without more, we cannot conclude that Mother's actions or inactions constituted abuse. We vacate the child abuse finding.

- 7 -

The parties correctly concluded that there was insufficient evidence to support this finding, but they disagree on the resulting disposition. Specifically, DHS and Child seek a remand.

To the contrary, when evidence is insufficient to sustain a finding of child abuse, the appropriate remedy is to vacate the finding of child abuse and not remand the matter to the trial court. **See In re L.Z.**, 91 A.3d 208, 221 (Pa. Super. 2014) (*en banc*), *rev'd in part on other grounds,* 111 A.3d 1164 (Pa. 2015); **see also In Interest of J.M., supra**, 166 A.3d 408, 427 (Pa. Super. 2017); **and see, e.g., Matter of Read,** 693 A.2d 607 (Pa. Super. 1997) **appeal denied** 723 A.2d 1025 (Pa. 1998).  Based on our decision, we need not address Mother's other claims of error.

Application to Vacate is deemed moot.  Order reversed as to finding of Mother's child abuse.  Jurisdiction relinquished.

Judge Bowes joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/14/19