J-A19002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC MARTIN SCHLIER | : | |
| | : | |
| Appellant | : | No. 206 EDA 2020 |

Appeal from the Judgment of Sentence Entered November 7, 2019
In the Court of Common Pleas of Carbon County
Criminal Division at No(s):  CP-13-CR-0000786-2016

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED OCTOBER 07, 2020**

Eric Martin Schlier appeals from the judgment of sentence entered in the Carbon County Court of Common Pleas after a jury found him guilty of resisting arrest, see 18 Pa.C.S.A. § 5104. On appeal, Schlier asserts the evidence was insufficient to establish that he resisted arrest. After a thorough review of the record, we affirm.

Officer Bruce Broyles of the Lehighton Police Department charged Schlier with aggravated assault, resisting arrest, disorderly conduct, driving under the influence ("DUI") - general impairment, two summary traffic offenses, and escape, after observing Schlier riding his bicycle at night without proper lighting and ignoring a stop sign.

On February 7, 2019 and February 8, 2019, a jury trial was held. A review of the parties' briefs reveals broad agreement on the evidence

presented at trial; the dispute on appeal centers on the legal consequences of the evidence.

At trial, Officer Broyles testified that he was patrolling in his cruiser when he saw Schlier riding his bicycle without proper lighting as he rode through an intersection without obeying the stop sign at the intersection. Schlier did not comply when Officer Broyles attempted to stop him, instead claiming he would stop in a parking lot at the end of the bridge he was on.

However, Officer Broyles testified that once Schlier reached the parking lot, he did not stop. Rather, Schlier began to accelerate away from the officer. Officer Broyles maneuvered his cruiser to block Schlier's exit, and Schlier rode his bike into it.

After Schlier cursed at him, Officer Broyles instructed Schlier to turn around and prepare to be handcuffed. Officer Broyles testified that Schlier would not comply, and ultimately, a scuffle broke out. As Officer Broyles was placing handcuffs on Schlier, Schlier pulled away and began kicking and flailing at Officer Broyles. Officer Broyles was forced to call for backup, and then placed Schlier over the hood of his cruiser in an attempt to subdue him.

Once Schlier was on the hood of the cruiser, Officer Broyles testified that he was able to finish placing the handcuffs on Schlier. However, even handcuffed, Schlier continued to struggle. After Schlier kicked his shin hard enough to leave a bruise, Officer Broyles stated that he took Schlier to the ground, where he restrained him until backup arrived.

During the trial, Schlier made an oral motion for judgment of acquittal on the charges of aggravated assault, resisting arrest, and escape. The trial court granted the motion in part, entering a judgment of acquittal on the charge of escape, and denied the motion as to the other charges.

At the conclusion of the trial, the jury acquitted Schlier of aggravated assault, disorderly conduct, and DUI, but convicted Schlier of resisting arrest. Additionally, the trial court found Schlier guilty of the two summary traffic offenses.

Schlier filed a motion for arrest of judgment in which he argued that because he was found not guilty of all charges except the summary offenses and resisting arrest, the underlying arrest was unlawful on the basis of the summary offenses alone. He claimed, as a result, that the Commonwealth could not prove every element of the resisting arrest charge. After a hearing was held on the motion, the trial court denied the motion, finding the evidence was sufficient to sustain Schlier's conviction for resisting arrest.

On November 7, 2019, Schlier was sentenced to two to twenty-four months' incarceration. This timely appeal followed.

Schlier's sole challenge on appeal is to the sufficiency of the evidence underlying his conviction for resisting arrest. Specifically, Schlier argues the evidence was insufficient to support his resisting arrest conviction because his underlying arrest for escape was unlawful.

"We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id*. "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id*.

Schlier's conviction required the Commonwealth to present evidence that he created a substantial risk of bodily injury with the intent of preventing Officer Broyles from arresting him:

### § 5104. Resisting arrest or other law enforcement

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104.

Schlier argues the Commonwealth failed to establish he prevented Officer Broyles from effecting a lawful arrest or discharging any other duty. Specifically, he first claims Officer Broyles was not effecting a lawful arrest because he lacked probable cause to arrest Schlier for escape. He further

asserts Officer Broyles was not "discharging any other duty" because, as Schlier contends, Officer Broyles was not taking any steps to issue a summary traffic citation at the time, and it was not his intent to do so. Schlier does not contest the sufficiency of the evidence to establish that he created a substantial risk of injury to Officer Broyles.

Despite Schlier's claims to the contrary, the resisting arrest statute does not *require* that an officer intended to make an arrest for the provisions to apply; it requires only that a party act with "the intent of preventing ... a lawful arrest." 18 Pa.C.S.A. § 5104. Therefore, our courts have found sufficient evidence to support a resisting arrest conviction in a variety of pre-arrest situations, even where the police detained the defendant merely for the purpose of issuing a citation. **See Commonwealth v. Miller**, 475 A.2d 145, 147 (Pa. Super. 1984) (finding sufficient evidence to support a resisting arrest conviction where officers only intended to issue a citation to the defendant, but the defendant forcefully resisted the detention).

Here, Schlier concedes that Officer Broyles could have issued a citation for a violation of the Motor Vehicle Code ("MVC") if he chose to do so. **See** Appellant's Brief, at 10. While he contends that Officer Broyles lacked probable cause to arrest him for the escape or DUI charges, that is ultimately irrelevant. Schlier's subsequent actions of continuing to ride away while Officer Broyles attempted to effectuate a traffic stop, disobeying orders, fleeing on his bike,

- 5 -

and struggling with the officers can be properly categorized as actions made with "the intent of preventing ... a lawful arrest." 18 Pa.C.S.A. § 5104.

Also, we find there was sufficient evidence that Schlier prevented the officer from "discharging any other duty." As this Court has explained, "[t]he provisions of 18 Pa.C.S.A. § 5104 are clearly disjunctive." **Commonwealth v. Karl**, 476 A.2d 908, 911 (Pa. Super. 1984). "To be convicted under the first provision of § 5104," we have held, "it is essential that there be a lawful arrest." **Id.** (citation omitted). However, even where the parties agree that there was no basis for a lawful arrest, § 5104 also provides that an individual may be convicted of resisting arrest where the individual prevents a public servant from "discharging any other duty." **Id.** This provision

> covers physical interference in a host of circumstances in which public servants discharge legal duties other than arrest. These include, for example, a policeman executing a search warrant, a fireman putting out a blaze, a forest or agricultural official making required inspections, an election official charged with monitoring balloting, and the like.

**Id.** (citation and emphasis omitted). In contrast, a mere investigatory motive does not qualify a stop as a discharge of a public duty under § 5104. **See id**.

Our review of the record reveals that Officer Broyles witnessed Schlier commit multiple traffic violations. Therefore, when Officer Broyles attempted to pull Schlier over, he was clearly "discharging [his] duty" of initiating a traffic stop to issue a citation to Schlier for these violations. **See** N.T., 2/7/2019, at 77 ("I had verbally told him to stop. He was in detention, a lawful detention at that point for a traffic stop"). Officer Broyles's observations were sufficient

- 6 -

to issue the citations without further investigation. *See **Commonwealth v. Ibrahim***, 127 A.3d 819, 824 (Pa. Super. 2015). Schlier's subsequent decision to not stop his bike and struggle with Officer Broyles prevented Officer Broyles from "discharging [his] duty" of enforcing the MVC.

The record therefore reflects the Commonwealth presented sufficient evidence to establish Schlier, "with the intent of preventing a public servant from ... discharging any other duty," created a "substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104. Accordingly, we cannot grant Schlier relief on his challenge to the sufficiency of the evidence underlying his conviction of resisting arrest.

We find the Commonwealth presented sufficient evidence to support Schlier's conviction for resisting arrest under § 5104.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/7/2020