J-S38039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHASE LANDRELL OWENS | : | |
| | : | |
| Appellant | : | No. 1532 EDA 2025 |

Appeal from the Judgment of Sentence Entered March 18, 2025
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000068-2017

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 15, 2026**

Chase Landrell Owens (hereinafter, Appellant) appeals from the judgment of sentence imposed following his conviction for one count of resisting arrest, 18 Pa.C.S. § 5104. Herein, Appellant maintains that his conviction is improper, primarily because a corrections officer is not a public servant as contemplated by the statute. We affirm.

Appellant was charged via a criminal information filed on May 25, 2017. At the time of the offense, Appellant was an inmate at the Monroe County Correctional Facility (hereinafter, MCCF). N.T. Jury Trial, 2/12/25, at 38. After entering the MCCF following his arrest on other, unrelated charges, Appellant was brought to the male intake unit, where Appellant refused to change out of his civilian clothes and put on the jail's uniform. *Id.* at 37-40. Appellant was in a small closet-type room, called the clothing changeover room, which contained clothing racks and the jail's inventory of inmate clothing. *Id.* at 37.

Appellant engaged in loud arguments with the correctional officers (COs) and grabbed the metal clothing racks to brace himself and resist the officers' attempts to get him to change clothes. *Id.* at 39-40. Appellant verbally challenged the COs to fight him. *Id.* at 40. Because of Appellant's grip on the metal shelving, he could not be removed from the room. Thus, two COs attempted to loosen his grip by striking his forearms on the radial nerve in his arm, without success. *Id.* at 42. Additional staff came to assist, and, during a scuffle, the shelving fell apart and piles of clothing fell to the ground. *Id.* at 44. Ultimately, through the use of body weight, the COs were able to put Appellant into shackles. *Id.* at 45-46. This incident caused a shoulder injury to one CO, a back injury and black eye to another, and hand pain to a third. *Id.* at 47. Appellant also had lacerations to some of his fingers. *Id.* at 48. He was charged after this incident with one count of simple assault and one count of aggravated assault.[1]

Appellant was subsequently released from the MCCF and, thereafter, a bench warrant was issued due to Appellant's failure to appear at his preliminary hearing on January 17, 2017. On September 17, 2020, Appellant was found to be incarcerated in Ohio and returned to Pennsylvania. However, after he was released from prison and a guilty plea was scheduled for the charges, Appellant again failed to appear and a second bench warrant was issued on February 17, 2021.

_____

[1] 18 Pa.C.S. §§ 2701(a)(1) and 2702(a), respectively.

Appellant ultimately appeared in court on January 21, 2025. Thereafter, with the trial court's permission, the Commonwealth filed an amended information, adding additional charges before Appellant's jury trial on February 4, 2025. After trial, Appellant was convicted of one count of resisting arrest, 18 Pa.C.S. § 5104. The trial court then imposed a sentence of 77 days (time served) to 1 year of incarceration on March 17, 2025. Appellant filed a timely post-sentence motion on March 27, 2025. The motion was denied by order dated June 10, 2025. A timely notice of appeal was filed the next day, June 11, 2025. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal, as follows:

1.    Whether, for resisting arrest or other law enforcement (18 Pa.C.S.[] § 5104), there was insufficient evidence to convict because a [CO] is not a "public servant" under the statute?

2.    Whether, for resisting arrest or other law enforcement (18 Pa.C.S.[] § 5104), there was insufficient evidence to convict because the [COs] were not arresting … Appellant or discharging some other law enforcement duty?

Appellant's Brief at 6 (unnecessary capitalization omitted).

As both of Appellant's issues challenge the sufficiency of the evidence presented to support his convictions, we analyze them together. Because a determination of the sufficiency of the evidence presents a question of law, "our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Williams**, 176 A.3d 298, 305 (Pa. Super. 2017). Further, we analyze this issue under the following guidelines:

When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented.

*Commonwealth v. Toomer*, 159 A.3d 956, 960–61 (Pa. Super. 2017) (internal citations and quotation marks omitted).

*Commonwealth v. Ewida*, 333 A.3d 1269, 1279 (Pa. Super. 2025).

Resisting arrest is set forth in our Crimes Code as follows:

### § 5104. Resisting arrest or other law enforcement

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S. § 5104. This offense requires proof that a public servant was affecting a lawful arrest or discharging a legal duty other than an arrest, which the defendant intended to prevent. *See Commonwealth v. Karl*, 476 A.2d 908, 911 (Pa. Super. 1984). The Commonwealth does not need to establish actual injury. *Commonwealth v. Lyons*, 555 A.2d 920, 925 (Pa. Super. 1989). To support a conviction for resisting arrest, the Commonwealth may prove either that the defendant's actions created a substantial risk of serious

bodily injury, or that the defendant employed means justifying or requiring substantial force to overcome the resistance. ***Id.***

Appellant argues that the text of the resisting arrest statute shows it does not apply to acts involving COs because the title of the statute specifically refers only to *arrests*, which must be performed by police officers. Appellant argues, "[a] public servant concerned with law enforcement must be a law enforcement officer, through logical necessity." Appellant's Brief at 14. Thus, he concludes, the statute applies only to activities involving law enforcement officers. ***Id.*** Appellant asserts that the COs here were not enforcing any laws and could not effectuate an arrest. Thus, he maintains that the statute does not apply to his case.

Appellant also argues that a valid arrest is required to support a charge of resisting arrest. ***See, e.g.***, ***Commonwealth v. Jackson***, 924 A.2d 618 (Pa. Super. 2007). Thus, Appellant maintains that since he was not being arrested, he could not be convicted of that offense. However, Appellant is discussing only one clause in the resisting arrest statute. Notably, as this Court set forth in ***In the Interest of Barry W.***, 621 A.2d 669 (Pa. Super. 1993), there are two scenarios contemplated by the resisting arrest statute.

> The provisions of 18 Pa.C.S. § 5104 are clearly disjunctive. To be convicted under the first provision of § 5104, it is essential that there be a lawful arrest. ***See Commonwealth v. Eberhardt***, [] 450 A.2d 651 ([Pa. Super.] 1982); ***Commonwealth v. Whitner***, [] 361 A.2d 414 ([Pa. Super.] 1976); ***Commonwealth v. Bartman***, [] 367 A.2d 1121 ([Pa. Super.] 1976); ***Commonwealth v. Stortecky***, [] 352 A.2d 491 ([Pa. Super.] 1975). In this case there is no evidence to show that the arrest underlying the resisting arrest charge was lawful….

[Thus,] the latter provision of § 5104, pertaining to "discharging any other public duty" besides effecting a lawful arrest, must be relied upon. To be convicted under the latter provision of § 5104, it is essential that there be a "discharge of any other duty" within the meaning of the statute. … An indication of what was contemplated is found by turning to Section 242.2 of the Model Penal Code, which § 5104 was modeled after. The Model Penal Code § 242.2 comment 5 (Official Draft and Revised Comments 1980), which deals with the physical obstruction of discharge of public duty, states:

> Section 242.2 covers physical interference in a host of circumstances in which public servants *discharge legal duties other than arrest.* These include, for example, a policeman executing a search warrant, a fireman putting out a blaze, a forest or agricultural official making required inspections, an election official charged with monitoring balloting, and the like….

*Commonwealth v. Karl*, [] 476 A.2d 908, 911 (Pa. Super. 1984) (emphasis in original).

*Barry W.*, 621 A.2d at 673–74.

Following *Barry W.*, the fact that a lawful arrest was not being performed at the time of this incident does not mandate a finding that the evidence was insufficient to support a conviction for resisting arrest; rather, the second portion of the statute makes it unlawful to prevent a public servant from discharging any other legal duty, such as executing a search warrant or putting out a fire. *Id.* Here, the COs were performing a lawful duty other than an arrest — that of delivering inmates to the proper detention facilities within the jail. Thus, Appellant's argument that his conviction cannot be sustained because he was not being lawfully arrested is meritless.

Our next task, then, is to determine whether the COs qualify as "public servants" under the statute. Appellant stresses that the term is not defined

therein. Nonetheless, the term "public servant" is defined elsewhere in the Crimes Code as "any officer or employee of government [… that is] performing a governmental function[.]" 18 Pa.C.S. § 4501 (definitions). Appellant fails to recognize that COs are employees of the government; specifically, the Pennsylvania Department of Corrections. *See* 18 Pa.C.S. § 501 (defining a CO as a full-time employee assigned to the Department of Corrections whose principal duty is the care, custody and control of inmates of a penal or correctional institution). Further, COs are clearly performing governmental functions by facilitating the supervision and management of inmates who are serving incarcerable sentences. Thus, a CO is a public servant, and the resisting arrest statute applies to Appellant's interactions with these officers.

Appellant also argues that, considering the resisting arrest statute *in pari materia* with the statute immediately following it in the Crimes Code, that of "Disarming a Law Enforcement Officer," 18 Pa.C.S. § 5104.1, supports his claim that a CO is not a "public servant" under the meaning of the resisting arrest statute.[2] Appellant asserts that, "because the legislature did not

_____

[2] Disarming a law enforcement officer is defined as:

> **(a) Offense defined.--**A person commits the offense of disarming a law enforcement officer if he:
>
> (1) without lawful authorization, removes or attempts to remove a firearm, rifle, shotgun or weapon from the person of a law enforcement officer or corrections officer, or deprives a law enforcement officer or corrections officer of

*(Footnote Continued Next Page)*

expressly include [COs] in [section] 5104, even though it could have and did in [section] 5104.1, it is clear that 5104 was not intended to encompass [COs]." Appellant's Brief at 21. However, the Pennsylvania Supreme Court has explained that "the rule requiring statutes *in pari materia* to be construed together is only a rule of construction to be applied as an aid in determining the meaning of a doubtful statute[; …] it cannot be invoked where the language of a statute is clear and unambiguous." ***Goodwin v. Goodwin***, 280 A.3d 937, 948 n.7 (Pa. 2022) (citation omitted). Here, there is no ambiguity in the resisting arrest statute, and thus no need for a statutory construction analysis.

Having concluded that the evidence demonstrated that Appellant prevented a public servant from discharging a legal duty, his challenge to the sufficiency of the evidence fails.

Judgment of sentence affirmed.

---

the use of a firearm, rifle, shotgun or weapon, when the officer is acting within the scope of the officer's duties; and

(2) has reasonable cause to know or knows that the individual is a law enforcement officer or corrections officer.

18 Pa.C.S. § 5104.1(a).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2026