J. S33031/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GARY RALPH FURR, JR., | : | No. 1228 MDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered January 23, 2018,
in the Court of Common Pleas of Union County
Criminal Division at No. CP-60-CR-0000325-2016

BEFORE:  LAZARUS, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 28, 2019**

Gary Ralph Furr, Jr., appeals from the January 23, 2018 judgment of

sentence[1] of two to seven years' imprisonment entered in the Court of

Common Pleas of Union County after a jury convicted him of aggravated

assault and resisting arrest.[2]  Trisha Hoover Jasper, Esq. ("Attorney Jasper"),

filed an ***Anders*** brief[3] and a petition to withdraw, alleging that the appeal is

---

[1] We note that the sentencing order was executed on January 22, 2018, but
not entered on the docket until January 23, 2018.  The caption has been
corrected to reflect the date the order was docketed.

[2] 18 Pa.C.S.A. § 2702(a)(6) and § 5104, respectively

[3] ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v.
Santiago***, 978 A.2d 349 (Pa. 2009); ***Commonwealth v. McClendon***, 434
A.2d 1185 (Pa. 1981).

frivolous. We grant counsel's petition to withdraw and affirm the judgment of sentence.

The record reflects that on August 18, 2016, Agent Susan Stout, an agent with the Pennsylvania Board of Probation and Parole, went to appellant's place of employment to ask appellant about another parolee who was allegedly staying with appellant. (Notes of testimony, 11/20/17 at 30, 34.) While waiting to speak with appellant, Agent Stout learned that appellant had fled his place of employment without speaking to her. (*Id.* at 35.) Agent Stout found appellant in a nearby parking lot standing next to his vehicle and holding, among other things, a utility box cutter knife in his hand. (*Id.* at 35-36.) Agent Stout ordered appellant to drop the utility knife, which he initially did, but then appellant picked the utility knife back up from the ground. (*Id.* at 36-37.) After appellant picked the utility knife back up, Agent Stout pointed her taser at appellant, directed appellant to drop the utility knife, and when appellant failed to drop the utility knife, Agent Stout deployed her taser on appellant. (*Id.* at 37.) When tasering appellant, with the taser cartridge loaded, had no effect on appellant's movements, Agent Stout "drive stunned"[4] appellant with her taser. (*Id.* at 38-39.) When the drive stunning did not work, Agent Stout ordered appellant to place his hands on the roof of his car

---

[4] Agent Stout, in her testimony, described "drive stun" as a pain compliance technique designed "to get a body part to move the way you want it to move or to get somebody to back up from you" without the cartridge loaded. (*Id.* at 38-39.)

or she was going to shoot appellant. (*Id.* at 29-40.) Appellant complied and did not have the utility knife in his hands when he placed his hands on the roof of his car. (*Id.*) When Agent Stout tried to handcuff appellant, appellant turned and faced Agent Stout; at which point Agent Stout wrapped her arms around appellant's waist. (*Id.* at 40-41.) Appellant proceeded to walk away from his car dragging Agent Stout with him. (*Id.* at 41-42.) Agent Stout yelled for bystanders to call the police. (*Id.* at 42.) Three of the bystanders became involved in the situation and eventually Agent Stout and the three bystanders were able to subdue appellant and place him in handcuffs. (*Id.* at 42-43.)

On November 21, 2017, a jury found appellant guilty of aggravated assault under 18 Pa.C.S.A. § 2702(a)(6) and resisting arrest but acquitted appellant on the charges of aggravated assault under Section 2702(a)(3) and possession of drug paraphernalia, 35 P.S. § 780-113(a)(32). On December 27, 2017, prior to sentencing and while still represented by trial counsel, Steven Buttorff, Esq. ("Attorney Buttorff"), appellant filed *pro se* a "petition for withdraw [sic] of counsel[,] *inter alia*[,] ineffective assistance of counsel" in which appellant alleged there were irreconcilable differences between himself and trial counsel and that trial counsel was ineffective. Appellant requested that trial counsel be "withdrawn" and new counsel appointed. At the sentencing hearing on January 22, 2018, the trial court

denied appellant's ***pro se*** petition requesting new counsel.[5] (Sentencing hearing transcript, 1/22/18 at 8; ***see also*** trial court order, 1/23/18.) Attorney Buttorff then made an oral "motion for extraordinary relief" challenging the weight of the evidence in order to preserve the issue for appeal. (Sentencing hearing transcript, 1/22/18 at 9.) The trial court denied Attorney Buttorff's motion. (***Id.*** at 15.) The trial court sentenced appellant to an aggregate two to seven years' incarceration for the aggravated assault and resisting arrest convictions. (***Id.*** at 16; ***see also*** sentencing order, 1/23/18.[6]) On January 23, 2018, Attorney Buttorff filed a petition to withdraw as counsel, which the trial court granted that same day. (Trial court order, 1/23/18.) Attorney Jasper was subsequently appointed to represent appellant on direct appeal. (***Id.***)

On January 29, 2018, appellant filed ***pro se*** a "motion to seek extraordinary relief/post-sentence" requesting an arrest of judgment or a new

---

[5] The record demonstrates that the trial court noted, "the [trial c]ourt does not entertain ***pro se*** petitions when defendants are represented; however, I think this is a little different when defendants allege and raise the issue of ineffective assistance of counsel." (Sentencing hearing transcript, 1/22/18 at 2.)

[6] We note that an amended sentencing order was filed on February 2, 2018, and again on February 6, 2018, in which the trial court adjusted the number of days appellant received as credit for time served. (Amended sentencing order, 2/2/18; ***see also*** amended sentencing order, 2/6/18.)

trial.[7]  On February 2, 2018, Attorney Jasper requested additional time in which to file counseled post-sentence motions.  The trial court granted the motion for extension of time on February 6, 2018, permitting Attorney Jasper an additional 20 days to file a post-sentence motion.  (Trial court order, 2/6/18.)  Attorney Jasper subsequently filed a post-sentence motion on February 23, 2018.  On May 11, 2018, the trial court extended the 120-day period in which to rule on the post-sentence motion by an additional 30 days, pursuant to Pa.R.Crim.P. 720(B)(3)(c), in order for appellant to obtain a psychological evaluation.  (Trial court order, 5/11/18.)  After conducting a hearing on appellant's counseled post-sentence motion, the trial court denied appellant's motion on July 17, 2018.  (Post-sentence motion hearing transcript, 7/17/18 at 8; **see also** trial court order, 7/17/18.)

On July 24, 2018, appellant filed a timely notice of appeal.  The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant timely complied.  The trial court subsequently filed its Rule 1925(a) opinion.

Preliminarily, we must address Attorney Jasper's petition to withdraw and accompanying **Anders** brief, both of which allege this appeal is frivolous.

---

[7] We note that appellant's **pro se** post-sentence motion was a legal nullity because appellant was represented by counsel at the time.  **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa.Super. 2007), **appeal denied**, 936 A.2d 40 (Pa. 2007), citing **Commonwealth v. Piscanio**, 608 A.2d 1027, 1029 n.3 (Pa. 1992).

"When presented with an *Anders* brief, this [c]ourt may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010) (citation omitted). In order to withdraw pursuant to *Anders*, "counsel must file a brief that meets the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)." *Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa.Super. 2014) (parallel citation omitted). Specifically, counsel's *Anders* brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted).

Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa.Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the *Anders* brief to [her] client." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa.Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to

- 6 -

"(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Id.* "Once counsel has satisfied the above requirements, it is then this [c]ourt's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa.Super. 2007) (*en banc*) (citation and internal quotation marks omitted).

Instantly, Attorney Jasper has satisfied the technical requirements of *Anders* and *Santiago*. In her *Anders* brief, counsel has identified the pertinent factual and procedural history and made citation to the record. Counsel raises five claims that could arguably support an appeal, but ultimately concludes that the appeal is wholly frivolous. Counsel has also attached to her petition a letter to appellant, which meets the notice requirements of *Millisock*.[8] Appellant did not file a response to counsel's *Anders* brief or the petition to withdraw. Accordingly, we proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

---

[8] We note that although the certificate of service contained in the *Anders* brief does not state that a copy of the brief was sent to appellant, the *Millisock* letter attached to the petition to withdraw states that a copy of the *Anders* brief, as well as the petition to withdraw, were enclosed with the letter.

In her *Anders* brief, counsel raises the following issues on appellant's behalf:

[I.] Whether the [trial] court erred in denying appellant's request for a psychological evaluation both at the time of the post[-]sentence motion hearing for sentencing purposes and at the time of trial and erred by denying appellant's request for a continuance in order to obtain such an evaluation[?]

[II.] Whether the [trial] court erred in denying [appellant's] and [trial counsel's] request for new counsel when the relationship between [appellant] and [trial counsel] was so deteriorated that [trial counsel] could not effectively represent [appellant] and for denying [appellant's] request for a continuance to obtain new counsel[?]

[III.] Whether the [trial] court erred in denying appellant's motion for extraordinary relief/judgment of acquittal made at the time of trial when the verdict was against the weight of the evidence and there was insufficient evidence to establish the elements of the charges of aggravated assault and resisting arrest[?]

[IV.] Whether the [trial] court erred in denying appellant's omnibus pre-trial motion[?]

V. Whether the [trial] court erred in denying appellant's request for the production of [Agent] Stout's disciplinary records when such records were properly subpoenaed but never provided to the defense[?]

*Anders* brief at 6 (extraneous capitalization omitted).[9]

---

[9] For ease of disposition, we have reordered and renumbered the issues raised by counsel on appellant's behalf.

Appellant first contends the trial court erred in denying his requests for a psychological evaluation and a continuance to obtain such an evaluation. (***Id.*** at 13-15.)

Under Pennsylvania Rule of Criminal Procedure 578, all pre-trial requests for relief, including requests for a psychiatric examination, shall be included in one ***omnibus*** motion unless the interest of justice requires otherwise. Pa.R.Crim.P. 578 and comment. "The denial of a continuance by the trial judge constitutes reversible error only if there has been an abuse of discretion." ***Commonwealth v. Koehler***, 737 A.2d 225, 236 (Pa. 1999). Furthermore, the denial of a request for a psychological examination made on the "eve-of-trial" does not amount to an abuse of discretion by the trial court. ***Commonwealth v. Blakeney***, 946 A.2d 645, 658-659 (Pa. 2008).

Here, a review of the record reveals that appellant failed to request a psychological examination in his ***omnibus*** pre-trial motion. As the trial court noted, "[t]he first mention of the request for a psychological evaluation was made by [appellant] at jury selection." (Trial court opinion, 12/7/18 at 3.) The trial court concluded that appellant waived his request for a psychological examination and further explained that it would "not delay the trial for a request made the date of trial." (***Id.***) At the post-sentence motion hearing, the trial court further noted that based upon its own interaction with and observations of appellant, appellant was competent and the evaluation request was frivolous. (***Id.***; ***see also*** post-sentence motion hearing

transcript, 7/17/18 at 6.) Attorney Jasper also acknowledged that appellant's competency was "not an issue at all." (Post-sentence motion hearing transcript, 7/17/18 at 6.) Therefore, appellant's claim that the trial court erred in denying the requests for a psychological evaluation and a continuance to obtain such an evaluation prior to trial is without merit.

Appellant also contends that the trial court erred in denying appellant's oral request to amend his post-sentence motion to include a claim of ineffective assistance of trial counsel for failure to request a psychological evaluation prior to sentencing. (*Anders* brief at 13.) Absent extraordinary circumstances, not present here, claims of ineffective assistance of trial counsel are to be deferred until collateral review. *Commonwealth v. Holmes*, 79 A.3d 562, 576-577 (Pa. 2013). We nevertheless note that because the record demonstrates that the trial court properly exercised its discretion in denying appellant's request for a psychological exam, finding appellant to be competent, an ineffectiveness claim would fail.

Appellant next claims the trial court erred in denying appellant's request for new counsel when the attorney-client relationship had allegedly deteriorated such that trial counsel could no longer effectively represent appellant. (*Anders* brief at 15-17.)

It is within the trial court's discretion to grant or deny a defendant's petition to replace court-appointed counsel. *Commonwealth v. Floyd*, 937 A.2d 494, 497 (Pa.Super. 2007), citing *Commonwealth v. Grazier*, 570 A.2d

1054, 1055 (Pa.Super. 1990). A defendant must establish irreconcilable differences or substantial reasons that warrant the appointment of new counsel. *Floyd*, 937 A.2d at 497; *see also* Pa.R.Crim.P. (stating, "[a] motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons."). It is not sufficient for a defendant to merely allege a strained relationship, difference of opinion in trial strategy, lack of confidence, or brevity of pretrial communications. *Floyd*, 937 A.2d 497 (citation omitted).

Here, appellant makes the bald assertions that he was entitled to new counsel because trial counsel failed to take an interlocutory appeal of the denial of the *omnibus* pre-trial motion; trial counsel previously represented appellant's cousin; trial counsel did not request a psychological evaluation until the day of trial; and appellant had contacted other private counsel. (Trial transcript, 11/20/17 at 17-18; *see also Anders* brief at 16.) The trial court, upon being presented with appellant's request for new counsel on the day of trial, stated, "I haven't heard anything to indicate that the relationship has deteriorated to the point that counsel cannot conduct the jury trial within the limits of his rules of professional conduct." (Trial transcript, 11/20/17 at 19.) Upon review of the record, we discern no abuse of discretion on the part of the trial court in denying appellant's request for new counsel. Therefore, appellant's claim is without merit.

Next, appellant contends the trial court erred in denying his oral motion for extraordinary relief made at the conclusion of the trial in which appellant challenged the sufficiency of the evidence and argued the verdict was against the weight of the evidence. (**Anders** brief at 18-21; **see also** trial transcript, 11/20/17 at 146-147.)

In addressing the sufficiency claim[10] first, our standard and scope of review is well settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying

---

[10] We note that a sufficiency claim is waived when appellant fails to set forth in his Rule 1925(b) statement the specific element or elements upon which the evidence is insufficient. **Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa.Super. 2008). Here, a review of appellant's Rule 1925(b) statement demonstrates appellant failed to set forth the specific element or elements of the crime upon which appellant contends the evidence is insufficient, and therefore, this claim is waived. (Appellant's Rule 1925(b) statement, 8/9/18 at 2 ¶ 7.) Whenever the issue is raised in the context of an **Anders** brief, however, we will consider this issue to determine its merit. **Commonwealth v. Hernandez**, 783 A.2d 784, 787 (Pa.Super. 2001) (holding that **Anders** requires review of issues otherwise waived on appeal).

> the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Pappas**, 845 A.2d 829, 835-836 (Pa.Super. 2004) (citation omitted), **appeal denied**, 862 A.2d 1254 (Pa. 2004).

A person is guilty of aggravated assault if he "attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury." 18 Pa.C.S.A. § 2702(a)(6). Agents of the Pennsylvania Board of Probation and Parole are included in the protected class of "other persons" enumerated in Section 2702(c). **Id.** at § 2702(c)(5). A person is "menacing" for purposes of an aggravated assault conviction if, based upon a totality of the circumstances, the behavior is "frightening activity." **Commonwealth v. Reynolds**, 835 A.2d 720, 726 (Pa.Super. 2003), relying on **Commonwealth v. Little**, 614 A.2d 1146, 1151-1155 (Pa.Super. 1992).

A person is guilty of resisting arrest or other law enforcement "if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104. A public servant is "discharging any other duty" for purposes of a conviction

of resisting arrest, if the public servant is discharging a legal duty, other than an arrest, which is part of that person's public service duties. **Commonwealth v. Karl**, 476 A.2d 908 (Pa.Super. 1984) (stating that examples of a public servant's discharging legal duties other than arrest include a police officer executing a search warrant or a fireman putting out a fire).

Here, appellant argues that there was insufficient evidence to establish that he was menacing towards Agent Stout, to support a conviction for aggravated assault, and that he prevented Agent Stout from discharging any other duty, to support a conviction of resisting arrest. (**Anders** brief at 18-21.) In viewing all of the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, we find that appellant was menacing towards Agent Stout and that he prevented Agent Stout from discharging her other duty. Specifically, Agent Stout tasered appellant, then drive-stunned him, and finally threatened to shoot him after appellant was found with a utility knife in his hand, placed it on the ground after being ordered to do so, and then picked it right back up. (Notes of testimony, 11/20/17 at 36-40.) The record also reveals that Agent Stout, at the time of her encounter with appellant, was investigating another parolee and that appellant's actions prevented her from conducting the investigation. (**Id.** at

34-45.) Therefore, appellant's claim that there was insufficient evidence to convict him of aggravated assault and resisting arrest is without merit.[11]

Appellant also contends that the verdict was against the weight of the evidence. (**Anders** brief at 18-21; **see also** trial transcript, 11/20/17 at 147.)

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the [trial] court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Commonwealth v. Horne**, 89 A.3d 277, 285 (Pa.Super. 2014), citing **Commonwealth v. Widmer**, 744 A.2d 745 (Pa. 2000). The trial court abuses its discretion "where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or

---

[11] We note that appellant also challenges the trial court's denial of his **omnibus** pre-trial motion that asserted there was insufficient evidence to support each of his charges. (**Anders** brief at 10-12.) A determination that there was sufficient evidence to support appellant's convictions renders moot any challenges as to whether there was sufficient evidence to support the Commonwealth's **prima facie** case against appellant. **Commonwealth v. Lee**, 662 A.2d 645, 651 (Pa. 1995) (holding that a conviction renders moot any allegations that the Commonwealth failed to establish its **prima facie** case with respect to the charges filed against the accused). Consequently, appellant's challenge of the trial court's denial of his **omnibus** pre-trial motion is moot.

where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." *Horne*, 89 A.3d at 285-286 (citation omitted).

Here, a review of appellant's argument reveals that appellant invites this court to do nothing more than reassess the witnesses' credibility and reweigh the evidence in an attempt to convince us to reach a result different than the one reached by the jury, as finder-of-fact. We decline appellant's invitation. *Commonwealth v. Clay*, 64 A.3d 1049, 1056 (Pa. 2013) (holding that the role of the appellate court when addressing a weight claim is to determine if the trial court exceeded its limit of judicial discretion or invaded the province of the jury). Based upon the record before us, we discern no abuse of discretion on the part of the trial court in denying appellant's request for a new trial because the verdict was against the weight of the evidence.

Finally, appellant claims the trial court erred in denying appellant's request for a continuance on the grounds that Agent Stout's disciplinary records were properly subpoenaed but never produced by the Commonwealth. (*Anders* brief at 21-23.) We review the denial of a motion for a continuance for an abuse of discretion. *Koehler*, 737 A.2d at 236.

Here, the record reflects that the trial court denied appellant's motion for a continuance because Agent Stout testified there was nothing in her disciplinary file, and an email from the Williamsport District Director of the Pennsylvania Board of Probation and Parole where Agent Stout worked

confirmed the same. (Trial court order, 11/20/17 at 10; **see also** trial transcript, 11/20/17 at 14; Commonwealth Exhibit 4.) We discern no abuse of discretion on the part of the trial court in denying appellant's motion for a continuance based upon the Commonwealth's failure to produce non-existent disciplinary records.

Upon review of the record, we conclude it supports Attorney Jasper's assessment that appellant's appeal is wholly frivolous. Moreover, our independent review of the entire record reveals no additional, non-frivolous claims. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2019