J-S49024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT |
|---|---|
| Appellee | OF PENNSYLVANIA |
| v. | |
| TEKEESHA LARAE LOVELACE | |
| Appellant | No. 543 EDA 2019 |

Appeal from the Order November 30, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0001288-2018

BEFORE: BENDER, P.J.E., STABILE, J. and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                          **FILED APRIL 06, 2020**

Appellant, Tekeesha Larae Lovelace, appeals from her judgment of sentence of 11½—23 months' imprisonment for aggravated assault and a concurrent sentence of 2—23 months' imprisonment for resisting arrest.[1] Appellant argues, *inter alia*, that the evidence was insufficient to sustain her convictions because the jury acquitted her of the underlying charge of driving under the influence of a controlled substance. We affirm.

On February 26, 2017, Appellant was arrested during a traffic stop and charged with the foregoing offenses. Counsel for Appellant conceded during a pretrial hearing that the police officer had valid grounds to stop her vehicle

_____

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(3) and 5104, respectively. Appellant was also convicted of driving under suspension, 75 Pa.C.S.A. § 1543, but none of her arguments on appeal involve this conviction.

because its headlights were out. The case proceeded to trial, and the jury found Appellant guilty of aggravated assault and resisting arrest but not guilty of driving under the influence ("DUI"). On November 30, 2018, the trial court imposed sentence. Appellant did not file post-sentence motions, but she filed a timely appeal *pro se*.

On February 26, 2019, this Court remanded the case to the trial court to conduct a hearing concerning whether Appellant knowingly, intelligently and voluntarily waived her right to appellate counsel. On October 17, 2019, Appellant informed the trial court that she desired counsel, and the court appointed counsel to represent her on direct appeal. On December 11, 2019, this Court ordered the trial court to direct Appellant to file a supplemental Pa.R.A.P. 1925(b) concise statement. Appellant timely filed a supplemental Rule 1925 statement, and the trial court subsequently filed a Pa.R.A.P. opinion.

Appellant raises the following issues in this appeal, which we re-order for the sake of convenience:

> 1. Whether there was sufficient evidence to support the jury's verdict for guilty on Aggravated Assault (18 Pa.C.S.A. § 2702(a)(3)) and Resisting Arrest insofar that the jury found the Appellant not guilty of Driving Under the Influence, the purported charge for which the Appellant was placed under arrest out of which the Aggravated Assault and Resisting Arrest charges stem.
>
> 2. Whether the jury's verdict was against the weight of the evidence insofar as it found Appellant not guilty of Driving Under the Influence (75 Pa.C.S.A. § 3802(d)(2)), which was the purported underlying charge for arrest out of which the Resisting

Arrest (18 Pa.C.S.A. § 5104) and Aggravated Assault (18 Pa.C.S.A. § 2702(a)(3)) charges stem.

3. Whether the trial court abused its discretion in sentencing the Appellant to a period of incarceration to a period of 11½ to 23 months on the Aggravated Assault charge, 2 to 23 months on the Resisting Arrest charge (concurrent to Aggravated Assault), based on the fact Appellant was found not guilty of the Driving Under Influence charge, the underlying charge of which was the cause for the arrest that led to the Aggravated Assault and Resisting Arrest charges being filed.

Appellant's Brief at 5-6.

We first address Appellant's challenge to the sufficiency of the evidence underlying her convictions for aggravated assault and resisting arrest. When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Colon-Plaza*, 136 A.3d 521, 525–26 (Pa. Super. 2016). It is within the province of the fact-finder to determine the weight to accord to each witness's testimony and to believe all, part or none of the evidence. *Commonwealth v. Tejada*, 107 A.3d 788, 792–93 (Pa. Super. 2015). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. *Commonwealth v. Crosley*, 180 A.3d 761, 767 (Pa. Super.

2018). As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. ***Commonwealth v. Rogal***, 120 A.3d 994, 1001 (Pa. Super. 2015).

The trial court accurately summarized the evidence against Appellant as follows:

> The testimony of Officer Ryan Corcoran and Corporal Kenneth R. Michels, Jr., as well as the video recording from Officer Corcoran's police vehicle and the body camera video from Officer Corcoran and Corporal Michels establish [the following]. At approximately 2:45 a.m. on February 26, 2017, Officer Corcoran was on patrol duty as an officer of the Coatesville Police Department when he observed a midsize sedan traveling east in the 1000 block of East Lincoln Highway in Coatesville, Chester County, with no headlights. Officer Corcoran pulled the vehicle over, approached the vehicle and asked the driver for her license. The driver of the vehicle, identified by Officer Corcoran as [Appellant], stated she did not have a license.
>
> Officer Corcoran then returned to his police vehicle to remove his jacket in order to expose his body camera. Upon returning to [Appellant]'s vehicle, Officer Corcoran again attempted to obtain identification from [Appellant]. [Appellant] refused to answer and Officer Corcoran observed that [Appellant] had a distinct slur in her speech, her reaction time was slow and she had a "1000 yard stare." Officer Corcoran believed [Appellant] was under the influence of alcohol or drugs and wanted [Appellant] to exit the vehicle in order to make further observations and insure that [Appellant] did not attempt to drive away.
>
> Despite giving [Appellant] many opportunities. [Appellant] did not voluntary exit her vehicle. Therefore, Officer Corcoran and Corporal Michels, who had arrived as back-up, were forced to physically remove [Appellant] from her vehicle. When Officer Corcoran took [Appellant]'s arm in order to remove her from the vehicle, [Appellant] propped her foot into the door jamb in order to wedge herself into the vehicle. [Appellant] heavily resisted the officers' attempts to remove her from the vehicle, yelling profusely, fighting and kicking the officers. It took the officers approximately 2 minutes to remove [Appellant] from her vehicle.

Officer Corcoran removed [Appellant] from her vehicle and placed her in handcuffs for the safety of the officers as well as [Appellant] herself.

While Officer Corcoran was removing [Appellant] from her vehicle, [Appellant] became limp and refused to walk to the police vehicle. [Appellant] kicked Officer Corcoran in the shin repeatedly. [Appellant] also kicked Officer Corcoran's hand into the cage in the police vehicle, causing his knuckles to swell. Although Officer Corcoran testified that his hand hurt, he did not seek medical attention and his hand was not broken. Officer Corcoran can be heard asking [Appellant] to stop kicking him and saying "ow" when [Appellant] kicked his hand, although [Appellant] is not seen kicking Officer Corcoran on the body camera video.

Corporal Michels testified that he observed [Appellant] fail to provide the requested documents to Officer Corcoran and failed to voluntarily exit her vehicle when asked several times to do so. Corporal Michels testified that [Appellant] was actively resisting being removed from her vehicle, grabbing the steering wheel with her right hand and placing her right leg between the door jamb. Corporal Michels testified that [Appellant] kicked both he and Officer Corcoran while they attempted to remove her from her vehicle.

Trial Court Opinion, 1/10/20, at 5-7.

The crime of aggravated assault under 18 Pa.C.S.A. § 2702(a)(3) requires proof that Appellant "attempt[ed] to cause or intentionally or knowingly caused bodily injury to [an officer] . . . in the performance of duty." *Id.*; ***Commonwealth v. Rahman***, 75 A.3d 497, 501 (Pa. Super. 2013). Bodily injury is "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. The Commonwealth "has no obligation to establish that the officer actually suffered a bodily injury; rather, [it] must establish only an attempt to inflict bodily injury, and this intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury."

- 5 -

*Commonwealth v. Brown*, 23 A.3d 544, 560 (Pa. Super. 2011).

Furthermore,

> [f]or the narrow purposes of determining whether a person has committed aggravated assault, if the police effectuate an arrest and the arrestee physically resists the officer, and subsequently the arrest is deemed to be without probable cause, nevertheless, the arrestee is guilty of aggravated assault because the officer was within the "performance of duty" when effectuating the arrest. In 1986 the legislature amended [Section] 2702(a)(3) and substituted the words "making or attempting to make a lawful arrest" with the phrase "in the performance of duty." This change broadened the scope of the statute, evidencing an intent to protect officers when effectuating all arrests, even those which are subsequently determined to have lacked probable cause at their inception.

*Commonwealth v. Biagini*, 655 A.2d 492, 498 (Pa. Super. 1993).

The evidence is sufficient to sustain Appellant's conviction for aggravated assault. The entire incident, beginning with the traffic stop and culminating in Appellant's arrest, took place in the performance of Officer Corcoran's and Officer Michel's duties as traffic officers in the City of Coatesville. As the officers performed their duties, Appellant attempted to cause them bodily injury by kicking them repeatedly in the shins and kicking Officer Corcoran's hand as they removed her from her car. Although the officers did not suffer leg injury, and Officer Corcoran merely suffered swollen knuckles, the jury could reasonably conclude that Appellant intended to cause them bodily injury.

We disagree with Appellant that *Commonwealth v. Wertelet*, 696 A.2d 206 (Pa. Super. 1997), requires reversal of her aggravated assault

conviction. The defendant in **Wertelet** kicked the arresting officer in the shin twice during a dispute on her property. We held that this "relatively harmless physical contact" did not amount to serious bodily injury, **id.** at 212, but we did not squarely address whether the defendant **attempted** to cause bodily injury to the officer. Several years after **Wertelet**, however, we reasoned that kicking could indeed constitute aggravated assault under Section 2702(a)(3), stating in relevant part, "[A]lthough the officer did not testify to any pain she experienced as a result of appellant's kick, such conduct clearly constitutes an attempt to inflict bodily injury." **Commonwealth v. Petaccio**, 764 A.2d 582 (Pa. Super. 2000), *overruled on other grounds*, **Commonwealth v. Mouzon**, 812 A.2d 617 (Pa. 2002).[2] The same point holds true here. Appellant did not injure the officers, but she attempted to do so. Her attempt justifies her conviction.

Appellant also claims that her acquittal on the charge of DUI requires reversal of her aggravated assault conviction. We disagree. Our Supreme Court held in **Commonwealth v. Biagini**, 652 A.2d 492 (Pa. 1995), that physical resistance to police officers is prohibited by statute, even when an underlying arrest is unlawful. **Id.** at 497. Under **Biagini**, Appellant's acquittal

---

[2] **Mouzon** overruled **Petaccio's** resolution of a discretionary sentencing issue not relevant here.

on the underlying charge of DUI did not excuse her violent conduct towards the police officers.[3] *Id.*

Turning to Appellant's conviction for resisting arrest, the Commonwealth must prove that "with the intent of preventing a public servant from effecting a lawful arrest **or** discharging any other duty," the defendant "create[d] a substantial risk of bodily injury to the public servant or anyone else, **or** employ[ed] means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104 (emphasis added). We emphasize "or" to underscore that the conditions in this statute are disjunctive.

The legislature modeled Section 5104 after Section 242.2 of the Model Penal Code. *Interest of Barry W.*, 621 A.2d 669, 674 (Pa. Super. 1993). Section 242.2 "covers physical interference in a host of circumstances in which public servants discharge legal duties other than arrest. These include, for example, a policeman executing a search warrant, a fireman putting out a blaze, a forest or agricultural official making required inspections, an election official monitoring balloting, and the like." *Id*.

The evidence satisfies Section 5104's element of "discharging any other duty." The trial court wrote that when Officer Corcoran stopped Appellant's car for the Motor Vehicle Code violation, in order to protect himself, he had

---

[3] Although the validity of Appellant's conviction did not rise or fall on the officers' conduct, it deserves mention that their conduct towards her was entirely proper.

the authority to order her to exit the car without additional probable cause or reasonable suspicion. In our view, Officer Corcoran had a better reason[4] for ordering Appellant out of the car: he was "discharging [his] duty" to test whether Appellant was under the influence of alcohol or a controlled substance. 18 Pa.C.S.A. § 5104.

Field sobriety testing is proper when the officer has reasonable suspicion that the driver is under the influence of alcohol or a controlled substance. *Commonwealth v. Cauley*, 10 A.3d 321, 327 (Pa. Super. 2010) (police officer had reasonable suspicion to detain defendant and conduct field sobriety tests, even though officer did not witness any motor vehicle violations or observe anything remarkable about the way defendant operated his vehicle, where, after parking his vehicle, defendant approached officer and asked why officer was at that particular location, officer smelled a strong odor of alcohol on defendant's breath and observed that his eyes were bloodshot). We think it self-evident that field sobriety testing falls within the scope of Section 5104's "other duties" element as one of the many "circumstances in which public servants discharge legal duties other than arrest." *Barry W.*, 621 A.2d at 674.

Officer Corcoran stopped Appellant because she was driving without using her headlights at approximately 2:45 in the morning. He asked if she

---

[4] *See Wilson v. Plumstead Tp. Zoning Hearing Board*, 936 A.2d 1061, 1065 n.3 (Pa. 2007) (appellate court may affirm "on any ground").

had identification, and she replied that she did not have a license. He asked again, and Appellant refused to answer. Appellant slurred her speech and had slow reaction time as well as a thousand yard stare. This evidence gave Officer Corcoran reasonable suspicion to direct Appellant to leave the car for field sobriety testing. *Cauley*, 10 A.3d at 327.

The evidence further demonstrates that Appellant intended to obstruct the officers' performance of duties by "employ[ing] means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104. Instead of exiting the car at Officer Corcoran's direction, Appellant refused to move, requiring Officer Corcoran and Officer Michels to use physical force to extricate her from the vehicle. She violently resisted the officers by grabbing the steering wheel with her right hand, placing her right leg between the door jamb to wedge herself in, and kicking the officers repeatedly as they pulled her out of the car. Her acts "justif[ied] and require[ed] substantial force to overcome [her] resistance." *Id.*; *Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa. Super. 2011) (evidence sufficient to support conviction for resisting arrest; robbery suspect, who had been lawfully seized, struggled with officer, when officer attempted to remove his hand from his pocket, and struck officer with his shoulders, while cursing and telling the officer to get off of him); *Commonwealth v. Thompson*, 922 A.2d 926, 928 (Pa. Super. 2007) (defendant's use of passive resistance requiring substantial force to overcome provided sufficient evidence for upholding her conviction for resisting arrest;

officer testified that she struggled to pull defendant apart from her husband with whom defendant had interlocked her arms and legs, and although officer verbally commanded defendant several times to put her hands behind her husband's back, she refused to obey and held her arms tightly beneath him, and officer testified that her attempts to restrain couple to place them under arrest left her exhausted); *Commonwealth v. Clark*, 761 A.2d 190, 193–94 (Pa. Super. 2000) (evidence sufficient where appellant "took a fighting stance," forced police to chase him, and engaged in struggle during which officer had to roll him onto ground to arrest him).

The fact that the jury acquitted Appellant of DUI does not warrant reversal of her conviction for resisting arrest. Section 5104 does not require the Commonwealth to obtain a conviction on an underlying charge; it simply requires proof that the officer was "effecting a lawful arrest" or "discharging any other duty." *Id.* For this reason, and for the other reasons provided above, the evidence was sufficient to sustain Appellant's conviction for resisting arrest.

Next, Appellant argues that her convictions are against the weight of the evidence. We agree with the trial court that Appellant waived this issue. Under Pa.R.Crim.P. 607, the defendant must object to the weight of the evidence via written motion before sentencing, during the sentencing hearing or in a post-sentence motion. "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the

- 11 -

evidence must be raised with the trial judge or it will be waived." ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa. Super. 2004). Appellant failed to file a written objection to the weight of the evidence prior to sentencing. She also failed to raise an objection to the weight of the evidence during sentencing or via post-sentence motions. Accordingly, she waived this objection.

Finally, Appellant argues that the trial court abused its discretion by sentencing her to 11½—23 months' imprisonment for aggravated assault and a concurrent sentence of 2—23 months on resisting arrest, since the jury acquitted her of the underlying charge of DUI. The trial court correctly determined that (1) Appellant waived this issue by failing to raise it during sentencing or in post-sentence motions, and (2) even if she preserved this issue, the court properly considered all relevant factors under 42 Pa.C.S.A. § 9721(a), including the protection of the public, gravity of the offense and Appellant's rehabilitative needs. Trial Court Opinion, 1/10/20, at 9-12. Therefore, we adopt the trial court's opinion as our own on this issue. In any future filings with this or any other court addressing this ruling, the filing party shall attach a copy of the trial court opinion.

Judgment of sentence affirmed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/6/2020*

COMMONWEALTH OF PENNSYLVANIA     : IN THE COURT OF COMMON PLEAS

: CHESTER COUNTY, PENNSYLVANIA

VS.

: CRIMINAL ACTION

TAKEESHA LOVELACE            : NO. CP-15-CR-0001288-2018

Nicholas J. Casenta, Jr., Esquire, Chief Deputy District Attorney, on behalf of the
     Commonwealth of Pennsylvania
Thomas P. McCabe, Esquire, on behalf of Defendant

## OPINION

Defendant appeals from the judgment of sentence entered in this matter on

November 30, 2018, following a trial and conviction for aggravated assault of a police officer

and resisting arrest or other law enforcement. We write in support of judgment in accordance

with Pa.R.A.P. 1925(a).

## PROCEDURAL HISTORY

On August 28, 2018, following a jury trial, Defendant was found guilty of

aggravated assault and resisting arrest or other law enforcement, and not guilty of driving under

the influence of a controlled substance. Defendant was also found guilty of the summary

offenses of driving while operating privilege is suspended or revoked and operating a vehicle

without a head lamp system. Defendant was found not guilty of the summary offense of careless

driving.[1]

Defendant was sentenced on November 30, 2018 to 11 ½ to 23 months

incarceration with 5 years probation consecutive, on the charge of aggravated assault; 2 to 23

---

[1] The summary offenses were disposed of by the undersigned, sitting without a jury.



months incarceration for resisting arrest, to be served concurrent with the sentence for aggravated assault; and the mandatory minimum of 90 days incarceration for driving while operating privilege is suspended or revoked, related to driving under the influence of alcohol, to be served concurrent with the sentence for aggravated assault. Defendant did not file post sentence motions. Defendant timely filed a Notice of Appeal on December 28, 2018.

On or about February 26, 2019, the Court filed an Opinion with the Superior Court, in accordance with Pa.R.A.P. 1925(a). In a Memorandum decision filed October 11, 2019, the Superior Court remanded the matter to the trial court to conduct a hearing concerning whether Defendant knowingly, intelligently and voluntarily waived her right to appellate counsel. By Order dated October 17, 2019, following an on-the-record colloquy wherein Defendant informed the Court, under oath, that she did not want to waive her right to counsel on direct appeal, Thomas P. McCabe, Esquire was appointed to represent Defendant on direct appeal.

On December 11, 2019, the Superior Court ordered the Court to order the filing of a supplemental Pa.R.A.P. 1925(b) concise statement from Defendant. Defendant timely filed her supplemental Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b) on January 2, 2020. We write in support of judgment in accordance with Pa.R.A.P. 1925(a).

## DISCUSSION

In her Concise Statement of Errors Complained of on Appeal filed January 2, 2020, Defendant essentially complains that the jury's verdict was against the weight of the evidence; there was insufficient evidence to support the jury's verdict; and the Court abused its discretion in sentencing Defendant.

2

Defendant has failed to properly preserve her first error alleging that the verdict was against the weight of the evidence. Pursuant to Pa.R.Crim.P. 607,

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for new trial:
> (1) orally, on the record, at any time before sentencing;
> (2) by written motion at any time before sentencing; or
> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3). "[A] challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Comment*, Pa.R.Crim.P. 607. Where the trial court addresses a weight of the evidence claim in its opinion pursuant to Pa.R.A.P. 1925(a), if the issue was not raised in a post-sentence motion, it is waived. *See*, Commonwealth v. Thompson, 93 A.3d 478 (Pa.Super. 2014) (claim addressing weight of the evidence waived where it was raised for the first time in Pa.R.A.P. 1925(b) statement, even though trial court addressed issue in its opinion). Defendant did not file post-sentence motions and first raised this claim in her Statement of Errors Complained of on Appeal. Therefore, Defendant has waived this claim on appeal.

In her second allegation of error, Defendant alleges that the evidence was insufficient to allow the jury to find her guilty of aggravated assault of a police officer and resisting arrest, when Defendant was acquitted of driving under the influence, out of which the aggravated assault and resisting arrest charges stem. In reviewing a sufficiency of evidence claim, the Court views the evidence in the light most favorable to the Commonwealth as the verdict winner to determine whether there is sufficient evidence to enable the jury to find every element of the crime beyond a reasonable doubt. Commonwealth v. Vargas, 108 A.3d 858, 867-68 (Pa.Super. 2014) (citations omitted). The facts and circumstances established by the

3

Commonwealth need not preclude every possibility of innocence. *Id.* The credibility of the witnesses and the weight of the evidence are for the jury to determine. *Id.*

In order to prove aggravated assault, the Commonwealth must prove that the defendant "attempt[ed] to cause or intentionally or knowingly caused bodily injury to [an] officer[ ]…in the performance of duty. 18 Pa.C.S. § 2702(a)(3)." Commonwealth v. Rahman, 75 A.3d 497, 501 (Pa.Super. 2013). Bodily injury is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

> [I]n a prosecution for aggravated assault on a police officer[,] the Commonwealth has no obligation to establish that the officer actually suffered a bodily injury; rather, the Commonwealth must establish only an *attempt* to inflict bodily injury, and this intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury.

Commonwealth v. Brown, 23 A.3d 544, 560 (Pa.Super. 2011) (emphasis included), *citing*, Commonwealth v. Marti, 779 A.2d 1177, 1183(Pa.Super. 2001). Intent may be shown by circumstances suggesting that the actor intended to cause bodily injury. Commonwealth v. Polston, 420 Pa.Super. 233, 616 A.2d 669 (1992), *alloc. den.*, 534 Pa. 638, 626 A.2d 1157 (1993). "A person acts intentionally with respect to a material element of an offense" if "it is his conscious object to engage in conduct of that nature or to cause such a resul[t]." 18 Pa.C.S. § 302(b)(1)(i).

> Resisting arrest or other law enforcement is defined as follows:
>
> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

4

18 Pa.C.S.A. § 5104. "[T]he provision of 18 Pa.C.S.A. § 5104 are clearly disjunctive." Commonwealth v. Karl, 476 A.2d 908, 911 (Pa.Super. 1984). In order to be convicted under the first part of Section 5104, there must be a lawful arrest. Id. However, a defendant can be convicted under the second part of Section 5104 by preventing a public servant from "discharging any other duty". Id. Section 5104 was modeled after Section 242.2 of the Model Penal Code. In Interest of Barry W., 423 Pa.Super. 549, 557-558, 621 A.2d 669, 674 (1993).

> 'Section 242.2 covers physical interference in a host of circumstances in which public servants *discharge legal duties other than arrest*. These include, for example, a policeman executing a search warrant, a fireman putting out a blaze, a forest or agricultural official making required inspections, an election official monitoring balloting, and the like'

In Interest of Barry W., at 558, 621 A.2d at 674 (emphasis included) (citations omitted). Resisting arrest does not require serious bodily injury or actual injury to the arresting officer. Commonwealth v. Lyons, 555 A.2d 920 (Pa.Super. 1989). Sufficient evidence of resisting arrest may exist where "the arrestee's actions created a substantial risk of bodily injury to the arresting officer." Id.

The testimony of Officer Ryan Corcoran and Corporal Kenneth R. Michels, Jr., as well as the video recording from Officer Corcoran's police vehicle and the body camera video from Officer Corcoran and Corporal Michels establish both of these crimes beyond a reasonable doubt. At approximately 2:45 a.m. on February 26, 2017, Officer Corcoran was on patrol duty as an officer of the Coatesville Police Department when he observed a midsize sedan traveling east in the 1000 block of East Lincoln Highway in Coatesville, Chester County, with no headlights. (N.T. 8/28/2018, 6-7). Officer Corcoran pulled the vehicle over, approached the vehicle and asked the driver for her license. (N.T. 8/28/2018, 8). The driver of the vehicle,

identified by Officer Corcoran as Defendant, stated she did not have a license. (N.T. 8/28/2018, 8).

Officer Corcoran then returned to his police vehicle to remove his jacket in order to expose his body camera. (N.T. 8/28/2018, 29). Upon returning to Defendant's vehicle, Officer Corcoran again attempted to obtain identification from Defendant. (N.T. 8/28/2018, (9-10). Defendant refused to answer and Officer Corcoran observed that Defendant had a distinct slur in her speech, her reaction time was slow and she had a "1000 yard stare". (N.T. 8/28/2018, 10). Officer Corcoran believed Defendant was under the influence of alcohol or drugs and wanted Defendant to exit the vehicle in order to make further observations and insure that Defendant did not attempt to drive away. (N.T. 8/28/2018, 10-11; 16).

Despite giving Defendant many opportunities, Defendant did not voluntary exit her vehicle. Therefore, Officer Corcoran and Corporal Michels, who had arrived as back-up, were forced to physically remove Defendant from her vehicle. (N.T. 8/28/2018, 16). When Officer Corcoran took Defendant's arm in order to remove her from the vehicle, Defendant propped her foot into the door jamb in order to wedge herself into the vehicle. (N.T. 8/28/2018, 17). Defendant heavily resisted the officers' attempts to remove her from the vehicle, yelling profusely, fighting and kicking the officers. (N.T. 8/28/2018, 18; 20). It took the officers approximately 2 minutes to remove Defendant from her vehicle. (N.T. 8/28/2018, 17). Officer Corcoran removed Defendant from her vehicle and placed her in handcuffs for the safety of the officers as well as Defendant herself. (N.T. 8/28/2018, 18).

While Officer Corcoran was removing Defendant from her vehicle, Defendant became limp and refused to walk to the police vehicle. (N.T. 8/28/2018, 18; 52). Defendant kicked Officer Corcoran in the shin repeatedly. (N.T. 8/28/2018, 19). Defendant also kicked

6

Officer Corcoran's hand into the cage in the police vehicle, causing his knuckles to swell. (N.T. 8/28/2018, 19). Although Officer Corcoran testified that his hand hurt, he did not seek medical attention and his hand was not broken. (N.T. 8/28/2018, 19; 53). Officer Corcoran can be heard asking Defendant to stop kicking him and saying "ow" when Defendant kicked his hand, although Defendant is not seen kicking Officer Corcoran on the body camera video. (N.T. 8/28/2018, 33-34; 72; Exhibit C-2).

Corporal Michels testified that he observed Defendant fail to provide the requested documents to Officer Corcoran and failed to voluntarily exit her vehicle when asked several times to do so. (N.T. 8/28/2018, 65-66). Corporal Michels testified that Defendant was actively resisting being removed from her vehicle, grabbing the steering wheel with her right hand and placing her right leg between the door jamb. (N.T. 8/28/2018, 66). Corporal Michels testified that Defendant kicked both he and Officer Corcoran while they attempted to remove her from her vehicle. (N.T. 8/28/2018, 67).

Although Defendant was acquitted of driving under the influence, that does not bar the jury from finding Defendant guilty of resisting arrest. One of the essential elements of the crime charged under Section 5104 of the Crimes Code is that there must be a lawful arrest. Commonwealth v. Biagini, 540 Pa. 22, 655 A.2d 492 (1995). While Defendant filed a Motion to Suppress alleging the stop was illegal and the arrest was unlawful, that motion was withdrawn. (N.T. 7/30/2018, 2). Therefore, Defendant concedes that the stop and the arrest were lawful.

The evidence of record, read in the light most favorable to the Commonwealth, establishes that Defendant acted with the "intent of preventing a public servant" from making a lawful arrest by creating a substantial risk of bodily injury by employing "means justifying or requiring substantial force to overcome the resistance." Officer Corcoran stopped Defendant

7

because she was driving without using her headlights at approximately 2:45 in the morning. Officer Corcoran had the authority to ask Defendant to exit the lawfully stopped vehicle without any additional probable cause or reasonable suspicion. *See*, Commonwealth v. Rodriguez, 695 A.2d 864, 868 (Pa.Super. 1997), citing, Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (police officer permitted to request driver of a lawfully stopped vehicle to exit the vehicle without any additional probable cause or reasonable suspicion to protect safety of officer). Officer Corcoran asked Defendant twice for her identification and asked her numerous times to exit the vehicle. Defendant failed to respond. When Defendant failed to exit the vehicle, Officer Corcoran removed her from the vehicle. Officer Corcoran required the assistance of Corporal Michaels to remove Defendant from her vehicle and place her in his police vehicle. Defendant reacted by continually kicking the officer until she was placed into the police vehicle. It is irrelevant whether Officer Corcoran sustained serious bodily injury or actual injury.

Defendant refused to exit her vehicle and resisted Officer Corcoran's attempts to remove her from her vehicle. Defendant kicked Officer Corcoran as he attempted to remove her from her vehicle. Defendant continued to kick Officer Corcoran as he was attempting to place her into his police vehicle. It is irrelevant whether Officer Corcoran sustained serious bodily injury or actual injury.

The evidence of record read in the light most favorable to the Commonwealth sufficiently establishes aggravated assault of a police officer. Unlike the charge of resisting arrest, the lawfulness of an arrest is irrelevant to the charge of aggravated assault of a police officer. Biagini, at 34, 655 A.2d at 498.

> [I]f the police effectuate an arrest and the arrestee physically resists
> the officer, and subsequently the arrest is deemed to be without

8

> probable cause, nevertheless, the arrestee is guilty of aggravated
> assault because the officer was within the "performance of duty"
> when effectuating the arrest.

*Id.* To sustain a conviction for aggravated assault of a police officer, the Commonwealth need only establish Officer Corcoran suffered bodily injury as a result of Defendant's conduct while he was "in the performance of duty". Officer Corcoran stopped Defendant based upon a motor vehicle violation. When Defendant failed to produce identification requested by Officer Corcoran, he asked Defendant to exit the vehicle. When Defendant refused to exit the vehicle, Officer Corcoran attempted to remove her from the vehicle and was repeatedly kicked in the shin by Defendant. Defendant also kicked Officer Corcoran's knuckles, causing them to swell. Although Officer Corcoran's hand was not broken and he did not seek medical attention, it is not the Commonwealth's burden to establish actual bodily injury. It is sufficient that the Commonwealth established an attempt to cause bodily injury, through circumstances reasonably suggesting that Defendant intended to cause injury. Brown, *supra*.

Defendant's third allegation of error states in pertinent part, "the Trial Court abused its discretion in sentencing the Appellant to a period of incarceration…of 11 ½ to 23 months on the Aggravated Assault charge, 2 to 23 months on the Resisting Arrest charge…." In the event this allegation of error involves the discretionary aspects of the sentence, this claim has been waived. A challenge to the discretionary aspects of a sentence is not automatically reviewable as of right. Commonwealth v. Phillips, 946 A.2d 103, 112 (Pa.Super. 2008). Although Defendant's appeal was timely filed, Defendant failed to preserve any claim regarding sentencing when the sentence was imposed or in a post-sentence motion.

> It is well-established that "where the issues raised assail the trial
> court's exercise of discretion in fashioning the defendant's
> sentence, the trial court must be given the opportunity to
> reconsider the imposition of the sentence either through the

defendant raising the issue at sentencing or in a post-sentence motion." Commonwealth v. Tejada, 107 A.3d 788, 798 (Pa.Super. 2015).

Commonwealth v. Cramer, 195 A.3d 594, 610 (Pa.Super. 2018). The failure to raise errors regarding the trial court's discretion in imposing a sentence either during sentencing or through post-sentence motions results in a waiver of these claims on appeal. *Id.* (citations omitted).

In the event this allegation of error involves the legality of the sentence, we find this allegation of error to be without merit. In determining the sentence to be imposed, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

> The court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b). However, the record as a whole must reflect due consideration by the court of the statutory considerations [enunciated in that section]. Commonwealth v. Feucht, 955 A.2d 377, 383 (Pa.Super. 2008). *See also*, Commonwealth v. Malovich, 903 A.2d 1247, 1253 (Pa.Super. 2006).

Coulverson, at 145-46. A defendant's punishment "must account for the rehabilitative need of the defendant and the companion interest of society reflected in section 9721(b)." *Id.*, at 148. Where the court imposes a sentence for a felony, the court shall disclose in open court at the time of sentencing the reason or reasons for the sentence imposed. *Id.*

The court shall consider the sentencing guidelines in determining the appropriate sentence. 42 Pa.C.S.A. § 9721(b); 204 Pa.Code § 303.1(a). The sentencing guidelines are not mandatory. Antidormi, at 760 (citations omitted). In imposing a sentence, the court is also required to consider the circumstances of the offense as well as the character of the defendant.

10

Antidormi, at 761. "In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. [Commonwealth v. McClendon, 403 Pa.Super. 467, 589 A.2d 706, 712-13 (1991) (*en banc*) (*quoting* Commonwealth v. Frazier, 347 Pa.Super. 64, 500 A.2d 158, 159 (1985)]." *Id*. A sentence will not be disturbed where the court's reasons for the sentence, placed on the record, demonstrate that the court weighed the sentencing guidelines with the facts of the crime and the defendant's character in a meaningful fashion. Commonwealth v. Anderson, 830 A.2d 1013 (Pa.Super. 2003).

Defendant was sentenced on November 30, 2019 to 11 ½ to 23 months incarceration, with 5 years probation consecutive, on Count 2, aggravated assault of a police officer. Defendant was sentenced on Count 3, resisting arrest, to 2 to 23 months incarceration, to be served concurrently with the sentence on Count 2. Finally, Defendant was sentenced to a mandatory minimum sentence of 90 days incarceration for driving with a suspended license, to be served concurrently with Count 2.

Defendant has a prior record score of 5. Defendant's lengthy criminal history dates back to 1998 wherein she was informally adjudicated as a juvenile. (N.T. 11/29/2018, 4). Defendant's adult record began in 1999 and includes convictions for disorderly conduct; retail theft; underage drinking, public drunkenness; summary harassment; misdemeanor disorderly conduct; access device fraud; driving under the influence and endangering the welfare of children. (N.T. 11/29/2018, 4-5). Defendant has an offense gravity score of 6 on the aggravated assault charge and 2 on the resisting arrest charge. The guidelines provide a minimum range of 21 to 27 months incarceration on the aggravated assault charge, plus or minus 6 months and 1 to 9 months incarceration on the resisting arrest charge, plus or minus 3 months. (N.T. 11/30/2018, 5-6). The Commonwealth sought a state sentence within the guideline range on the aggravated

11

assault charge and the resisting arrest charge, as well as the mandatory minimum sentence for driving with a suspended license. (N.T. 11/29/2018, 8-9).

The reasons for the sentence were fully set forth by the Court on November 30, 2018 in open court at the sentencing. The Court fully considered the factors set forth in 42 Pa.C.SA. § 9721(b), including protection of the public, gravity of the offense, and rehabilitative needs of the defendant. (N.T. 11/30/2018, 37-43). We hereby incorporate the transcript of the November 30, 2018 sentencing as the Opinion of the Court for the purposes of the appeal on this issue.

For the foregoing reasons, we respectfully submit that Defendant's allegations are without merit and the appeal should be denied.

BY THE COURT:

_Jacqueline C. Cody_ J.

Date: 1 - 10 - 20

12